**UNITED STATES DISTRICT AND BANKRUPTCY COURTS**
**FOR THE DISTRICT OF COLUMBIA**

HOWARD T. TYSON SR.
12018 LONGE RIDGE LANE
BOWIE MARYLAND 20715
202-431-1764
COMPLAINANT,

Case: 1:16-cv-01678   Jury Demand
Assigned To : Jackson, Ketanji Brown
Assign. Date : 8/17/2016
Description: Employ. Discrim. (H Deck)

VS.

AUGUST 5, 2016

MEGAN J. BRENNAN
POSTMASTER GENERAL
RESPONDENT
CAPITOL METRO AREA
U.S. POSTAL SERVICE

**COMPLAINT**

**RECEIVED**
AUG - 8 2016
Clerk, U.S. District and
Bankruptcy Courts

**1). RELIGIOUS DISCRIMANATION:**

THE EMPLOYEE AND LABOR RELATIONS MANUAL, ISSUE

26, SEPTEMBER 2013, SECTION 666.12, PROHIBITS DISCRIMINATION,

B. INDIVIDUAL STATUS, NO PERSON MAY BE DISCRIMINATED

AGAINST BECAUSE OF RACE, COLOR, RELIGION, SEX, AGE,

/

**NATIONAL ORIGIN, DISABILITY, REPRISAL BASED ON PROTECTED ACTIVITY, MARITAL OR PARENTAL STATUS, OR SEXUAL ORIENTATION IN CONNECTION WITH EXAMINATION, APPOINTMENT, REAPPOINTMENT, REINSTATEMENT, REEMPLOYMENT, PROMOTION, TRANSFER, DEMOTION, REMOVAL, OR RETIREMENT**

**I WAS DISCRIMINATED AGAINST, UPON ARRIVING TO MY RETREATED POSITION, ON JUNE 16TH 2014. THE DISCRIMINATION DID NOT OCCURE, UNTIL PLANT MANAGER / SUPERVISOR CECIL HARRISTON, LIED , BY TELLING ME THAT, THEY SAID THAT YOU SHOULD RETURN BACK TO THE PLANT. WHEN ASKED TO BE ENLIGHTENED, HE SIMPLY STATED, I'M THE PLANT MANAGER, AND IM INSTRUCTING YOU TO RETURN TO THE PLANT. THERE WERE ALREADY RELIGIOUS PROBLEMS BETWEEN US DURING MY FIRST TOUR THERE, BEFORE RETURNING TO THE GOVERNMENT MAILS ON JUNE 16TH 2014**

**WHICH THIS WILL BE EXPOUNDED ON IN IT'S TRUE FORM. RELIGIOUS DISCRIMINATION IS RELATED TO THE RELIGIOUS**

PERSECUTION, AND IS HARASSMENT. WHEN I ARRIVED TO THE FACILITY THAT DAY, WHILE IN HIS OFFICE, WE WERE TALKING ABOUT THE EVENTS OF THE PAST, WHEN HE QUESTIONED, WE'RE NOT GOING THRU THAT WHAT WE WENT THROUGH BEFORE ARE WE ? WHAT HE WAS EXPOUNDING UPON WAS THE WAY HE TALKED TO ME ABOUT MY MUSIC. HIS OFFICE WAS POSITIONED IN THE BACK, BUT HE MADE IT HIS BUSINESS EVERY DAY I WAS THERE TO HAVE SOMETHING TO SAY. IF I WAS WRONG, NO LETTER OF WARNING WAS EVER GIVEN. I ASKED TO ANOINT HIM WITH HOLY OIL ONE DAY, HE ANGRILLY REPLIED, DON'T COME NEAR ME WITH THAT STUFF. THAT SHOWED THAT HE KNEW EXACTLY WHAT IT MENT TO BE ANOINTED WITH HOLY OIL

### 2).FAILURE TO HONOR SECTION 12.3/B3 OF THE POSTAL MAIL HANDLER UNION

WHICH SAYS, THAT SHOULD A MAILHANDLER POSITION BECOMES AVAILABLE, WE THE EIGHT, WHICH, I WERE THE SENIOR, WOULD HAVE FIRST RIGHTS. AND FAILURE TO NOT POST THE BIDDED POSITION, ACCORDING TO: SECTION 12.3/ B3. ALL VACANT OR NEWLY ESTABLISHED CRAFT DUTY ASSIGNMENTS

SHALL BE POSTED FOR EMPLOYEES ELIGIBLE TO BID WITHIN TEN (10) DAYS AFTER A DETERMINATION HAS BEEN MADE THAT THE POSITION IS NOT TO BE REVERTED, IF A VACANT DUTY ASSIGNMENT HAS NOT BEEN POSTED WITHIN 30 DAYS, THE INSTILATION HEAD( CECIL HARRISTON) OR THE INSTELLATION HEAD'S DESIGNEE SHALL ADVISE THE UNION IN WRITING, ( LAMAR GRIGSPY) OF THE REASONS THE POSITION IS BEING WITHHELD AND THE ANTISAPATED LENGTH OF TIME SUCH POSITION WILL REMAIN VACANT(" THIS WAS NOT DONE AND THE POSTAL SERVICE MAKE IT A HABIT TO VIOLATE THESE RULES). IF THE VACANT ASSIGNMENT IS REVERTED, A NOTICE SHALL BE POSTED IN 10 DAYS ADVISING OF THE ACTION TAKEN, AND THE REASONS THEREFORE, IN ADDITION, A COPY OF THE NOTICE SHALL BE PROVIDED TO THE APPROPRIATE UNION OFFICIAL. THE DEFENDANT FAILED TO FOLLOW THE CONTRACTUAL RULES GOVERNING THE HANDLING OF THIS PARTICULAR POSITION, WHICH CAUSED THIS DISCRIMINATION.

3.) FALSE REPRESENTATION.

ACCORDING (PAGE, 5/8, 00010) INVESTIGATIVE SUMMERY, CONSTRUCTED BY MR. DINO L.DESORBO, HE WROTE THAT

**LAMAR GRISPY, INDICATED THAT HE GOT A LETTER FROM CHRISTOFER COLE, SAYING THAT THE POSITION AT THE GOVERNMENT MAILS FACILITY WAS REVERTED EFFECTIVE JUNE 8TH, 2014, NOW IT'S CALLED A REVERTED POSITION, DUE TO IT'S NATURE: HOWEVER; IF THEY MEANT TO TERMINATE , IT SHOULD HAVE BEEN ABOLISHED OR RESENDED. IT WASN'T , IT WAS REVERTED.  ACCORDING TO THE UNION OFFICIAL, LAMAR GRISPY. AGAIN, THE DEFENDANT WAS LATE , SECTION 12.3 B3 SAID THAT IF THE POSITION IS REVERTED,**
**A NOTICE SHAL BE POSTED WITHIN 10 DAYS, ADVISING OF THE ACTION TAKEN, AND THE REASONS THEREFORE. HE DID NOT GET THE LETTER UNTIL JUNE 8TH HE STATED.**

**ON PAGE 4/8, 00009, OF THE INVESTIGATIVE SUMMERY, CECIL HARRISTON STATED THAT HE WAS NOT AWARE OF THE  COMPLAINANTS RELIGION, BUT THAT IS UNTRUE. DURING THE MANY TIMES HE VISITED MY STATION, TO HARRASS ME ABOUT MY MUSIC. WE TALKED ABOUT HIS WIFE BEING A MINISTER, AND HOW HE STOPPED GOING TO CHUIRCH. I WOULD NOT KNOW THIS HAD HE HIMSELF HAD NOT TOLD ME**
   **ALSO MR. DINO L. DESORBO MADE A MISREPRESENTATION,**

WHEN HE WROTE ON PAGE 4/8, 00009, THAT THE COMPLAINANT NOTED THAT THE POSITION WAS OPENED FOR BID ON MAY 12TH 2014, AND THAT "MANAGER HARRISTON MADE IT CLEAR THAT THERE WAS NO HELP NEEDED AT THE GOVERNMENT MAILS FACILITY". THIS IS A FALSE STATEMENT OF FACTS. HAD THIS HAPPENED, THIS TOO DISPUTES MANAGERS HARRISTONS TESTIMONY, WHEN HE STATED THAT, WHEN HE CALLED POSTMASTER ROANE ON JUNE 16TH 2014, PAGE 5/8 00010, PARAGRAPH #4, HE LATER FOUND OUT THAT DAY, A MAIL HANDLERS JOB, AT THE GOVERNMENT MAILFACILITY, WAS POSTED IN ERROR.

LISTEN, PLANT MANAGER HARRISTON WAS A HANDS ON IN YOUR FACE PERSON. BEING A MANAGER, HE KNEW EVERYTHING THAT CAME IN AND WENT OUT OF THAT OFFICE, MINNIE G. DEACONESS, THE SECRETARY CAN VOUCH FOR THAT.

THE BIDS ARE POSTED IN EVERY FACILITY IN THE P&DC PLANT, AND IN EVERY INSTILATION

THE POSTAL SERVICE IS DESIGNED ALMOST, IF NOT EXACT, LIKE THE MILITARY. IT'S CLOCKS ARE CALABRATED TO THE 24 HOUR SYSTEM, JUST AS THE MILITARY

AS WELL. AND ALSO LIKE THE MILITARY, THERE IS A CHAIN OF COMMAMD. AT THE POST OFFICE, IF I HAVE A PROBLEM, I JUST CANNOT WALK OFF MY ASSIGNMENT AND GO TO THE MANAGER'S OFFICE. LIKE WISE, THE PLANT MANAGER JUST CANNOT COME TO ME, ESPECIALLY WITHOUT A SUPPERVISER BEING PRESENT TO GIVE THE INSTRUCTION OF THE PLANT MANAGER.

PLANT MANAGER HARRISTON DID THAT. ON PAGE 5/8 AND FINISHING ON PAGE 6/8 , 00010 AND 00011, OF THE INVESTIGATIVE SUMMERY, HE ADMITTED TO DOING THAT. OF GIVING ME INSTRUCTIONS.

AGAIN, ON PAGE 5/8, 00010, PARAGRAPH ONE , OF THE INVESTIGATIVE REPORT, I TESTIFIED A NOTICED WAS POSTED INFORMING MAIL HANDLERS THAT, THE POSITION WOULD NOT BE AWARDED. HOWEVER; THE NOTICE WAS WRITTEN, ON THE SAME DAY THAT I WAS GIVEN THE OFFER OF RETREAT RIGHTS, MAY 19TH, 2014.

AND ALSO, I SEE NOW THAT IT WAS SUPPOSED TO INFORM OTHER MAIL HANDLERS THAT THE JOB WAS A RETREATED POSITION, AND THAT THEY COULD NOT BID ON THE POSITION. THEY DECEVED ME ON IT'S CONTRUCTION, BY 1., NOT DATING THE

NOTICE: BY NOT DATING THE NOITICE OF REVOCATION, MAKES THE REVOCATION NOTICE, VOID. 2. TO MAKE IT BELIVABLE, THAT I UNDERSTOOD, THAT I WOULD NOT RECEIVE MY RETREATED POSITION.  WHY WOULD THEY GO AS FAR AS, TO OFFER THE RETREAT LETTER? THEY WOULD, OR SHOULD HAVE JUST GIVEN THE "WILL NOT BE AWARDED" NOTICE.

ALSO, POST MASTER ROANES, TESTIMONY, ON PAGE 6/8, 00011,PARAGRAPH 3, TESTIFIED THAT HE WAS AWARE THAT THE COMPLAINANT WAS SENT AN ERRONEOUS  LETTER, INFORMING THE COMPLAINANT , THAT HE WAS ELIGIBLE FOR RETREAT RIGHTS, TO A POSITION AT THE GOVERNMENT MAILS FACILITY, IS FALSE. I NEVER TOLD HIM THAT, OR I WOULD BE CONSIDERED CONFUSED.

POST MASTER ROANE ALSO MISREPRESENTED HIM SELF BY SAYING THAT HE WAS AWARE THAT THE COMPLAINANT WAS ALSO SENT A LETTER INFORMING THE COMPLAINANT THAT THE RETREAT RIGHTS NOTICE WAS SENT IN ERROR.

LET ME BE CLEAR, AFTER THE "OFFER OF RETREAT RIGHTS" WERE GIVEN AND SIGNED BY ME, FROM MANAGER YOLADA SANDERS, "SHE" ALSO HAD TYPED , BY HER SECRETARY

**THE "WILL NOT BE AWARDED" POST.**

ON JUNE 4TH, 2014. I WAS CALLED INTO MANAGER SANDERS OFFICE, WHERE SHE HANDED ME , A "RECIND OFFER OF RETREAT RIGHTS, I QUOATED, YOLANDA, THERES NO SIGNATURE ON THIS LETTER, SHE SHOWED HER PALMS. I QUOTED, BUT WITHOUT A SIGNATURE,THIS LETTER IS VOID, SHE SHRUGGED HER SHOLDERS.

A WEEK LATTER, WHILE TALKING TO AN EMPLOYEE, MR. JAMES BADGER, IN BREAK ROOM NO. BRO6. POST MASTER ROANE WALKED PAST. I CALLED AND ASKED IF I COULD TALK TO HIM. I ASKED HIM WHY DID HE RECIND MY RETREAT RIGHTS. QUOTE, SIR, I HAVE NOT RECENDED ANYONES RETREAT RIGHTS. I TOLD HIM THAT I HAD A LETTER FROM HIS OFFICE,QUOTE, HE ASKED WAS HIS SIGNATURE ON IT, I SAID NO. QUOTE, HE SAID TO ME TO BRING A COPY TO HIS OFFICE . AROUND JUNE 9TH 2014, I BELIEVE I REACHED HIS OFFICE SECRETARY, A CAUCASIAN WOMAN, WHO ONCE SHE SEEN THE LETTER, QUOTE, THIS DID NOT COME FROM THIS OFFICE. I WAS TOLD I COULD NOT SEE THE POST MASTER, THAT HE WAS IN A MEETING.

THE SECOND TIME I HAD PHYSICAL CONTACT WITH POST MASTER ROAN, HE AND PLANT MANGER WENDY MCLLWAIN WAS WORKING BROWSING THE 150 OPERATION, INQUIRING ON THE LETTER IN QUESTION, QUOTE, HE HAD GIVEN IT OVER TO HIS HUMAN RESOURCE MANAGER, I TOLD HIM THAT, THIS WAS THE PERSON WHO SENT THE LETTER IN THE FIRST PLACE.

THE THIRD TIME I GOT A PHYSICAL FACE TO FACE WITH POST MASTER ROAN, WAS ON JUNE 13TH, 2014. I BROGHT TO HIM, THAT THE RETREATED POSITION DATE OF EXICUTION WAS JUNE 16TH. HE STATED, QUOTE, SINCE THAT LETTER IS IN QUESTION, REPORT TO YOUR ASSIGNMENT AT GOVERNMENT MAILS. I HAVE A WRITTEN SIGNED, STATEMENT FROM MRS. MICHELLE COFIELD AT THE SFF SEQUENCING MACHINE #2, WHERE THE POSTMASTER AND I TALKED THAT DAY.

SO AS YOU CAN SEE, THE POST MASTERS TESTAMONY ON PAGE 6/8 00011, PARAGRAPH #3, IS MISLEADING AND A GENERAL PRACTICE OF THE GOINGS ON IN THE POSTAL SERVICE. POST MASTER ROAN TESTIFIED THAT HE MET THE COMPLAINANT ONCE, ON THE WORK ROOM FLOOR. THAT'S FALSE. HIM SAYING HE REFERED ME TO A MEMBER OF HIS STAFF, IS FALSE. HE

ASKED ME TO BRING A COPY OF THE LETTER WITH HIS NAME TYPED ON IT TO HIS OFFICE. AND FROM WITNESS TESTIMONY, TWO PERSONS SEEN HE AND I TALK SEVERAL TIMES IN SEVERAL LOCATIONS.  THERE WERE SEVERAL PERSONS, WHO WAS ASSIGNED TO THE ROBOT, BUT WHO WERE TO HAVE RETREATED POSITIONS AT THE SPBS, BUNDLE SORTER, CATHY PARKER, AND SHOP STEWARD MR. TATE. THEY BOTH RECEIVED THEIR RETREATED POSITATION.

  IN MY CLOSING, I WITHOUT PURGERY, HAVE GIVEN THE TRUTHS TO THE DISCRIMINATION WHICH TOOK PLACE, AT THE JOSEPH CURSEEN, THOMAS MORRIS P&DC POSTAL FACILITY, DURING THE PRESCRIBED DATES AND TIMES,LOCATED IN WASHINGTON D.C.20066.

  I REQUEST A TRIAL BY JURY

THE RELIEF SORT

THAT THIS CASE BE BROUGHT TO TRIAL, TO SHINE THE LIGHT, ON SOME OF THE DISCRIMINATION THAT STILL EXIST TODAY IN EVEN GOVERNMENTAL FACILITIES AS WELL AS THE PRIVATE SECTOR. I CLAIM THAT I SUFFERED FROM EMOTIONAL DISTRESS,

DURING THIS DISCRIMINATION. I HAD TO SEEK HELP FROM EAP. I VISITED DR. ROBERT WEAR, AT THE FACILITY. OVER THE YEARS IV'E SPENT TIME FOR DIFFERENT ISSUES. MARRITAL AS WELL AS POSTAL. MOSTLY FOR POSTAL. THIS WAS WHERE MOST OF MY STRESS CAME FROM .

## COMPLAINANT REQUEST AS A REMEDY

1. OUT- OF- SCHEDUAL PAY; IV'E GOTTENAN OUT OF SCHEDULED PAY BEFORE. AN IN HOUSE BID WAS HELD UP DUE TO NEGLIGENCE, IN 2012, AND I WAS GRANTED OUT- OF- SCHEDULED PAY.

SO BECAUSE OF THE FAILURE TO FOLLOW THE RULES OF THE ELM, AND ALSO THE NPMHU, I ASK THAT THE UNITED STATES POSTAL SERVICE AWARD ME MY OUT-OF-SCHEDULED PAY , OF, $66,851.12. PER SCHEDULED DATED, MARCH 27TH 2016.

ALSO, I WOULD PLEAD A SUM OF $100,000.00 DOLLARS IN COMPENSATORY AND PUNITIVE DAMAGES, . IN WEST VS. GIBSON 527 U.S. 212(1999)THE SUPREEM COURT HELD THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION HAS

AUTHORITY TO AWARD COMPENSATORY DAMAGES IN THE ADMINISTRATIVE PROCESS.  CHASTAIN VS. U.S. DEPARTMENT OF THE NAVY, EEOC, APPEAL, NO.0120102409 (NOVEMBER 17,2010) LOPEZ - ROSENDE VS. U.S. POSTAL SERVICE, EEO APPEAL NO. 0220102789(NOVEMBER 30, 2010) . CHOW VS. DEP'T OF THE ARMY, EEOC APPEAL NO. 01982308, (FEB, 12,2001).

I DID NOT FILE AN APPEAL, AND DECIDED TO FILE A CIVIL COMPLAINT,  DUE TO THE HANDLING OF MY CASE. DURING A TELECOMFRENCE, ON APRIL 27TH, 2015. JUDGE SHUBOW, TOLD ATTORNEY JASMIN A. DABNEY, TO GET THIS CASE SETTLED. SHE SAID SHE WOULD, BUT SHE DISAPEARED.

THERE WERE ANOTHER TELECOMFRENCE SET FOR MAY 12TH, 2015. ATTORNEY DABNEY WAS NO WHERE TO BE FOUND AND. I CALLED JUDGE SHUBOW, HE FAILED TO REALIZE "HE" HAD SCHEDULED THE COMFERENCE, MUMBLED THAT HE HAD IT SCRIBLED DOWN, BUT IT DIDN'T HAPPEN.

*[signature: Howard T. Tyson Sr.]*
**HOWARD T. TYSON SR.**
**12018 LONG RIDGE LN.**
**BOWIE MD. 20715-2352**
**202-431-1764**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY

MARCH 27, 2016

AGENCY CASE NUMBER 1K-206-0049-14
EEOC NO. 531-2015-00046X

CHARLES SHUBOW
ADMINISTRATIVE JUDGE
U.S.EEOC
BALTIMORE FIELD OFFICE
10 SOUTH HOWARD STREET
BALTIMORE, MD 21201

JASMIN A. DABNEY, ESQ.
U.S.P.S.
CAPITOL METRO LAW OFFICE
8200 CORPORATE DRIVE
LANDOVER, MD 20785-2244

OUT- OF- SCHEDUAL- PREMIUM: SECTION 8.4B REFERS
TO THE OUT-OF-SCHEDUAL- PREMIUM PROVISIONS IN
SECTION 434.6 OF THE ELM

SECTION 434.6 PROVIDES THAT OUT-OF-SCHEDUAL-PREMIUM

IS PAID AT THE POSTAL OVERTIME RATE TO ELIGIBLE FULL-

TIME BARGAINING UNIT EMPLOYEES FOR TIME WORKED OUTSIDE

OF,

RECEIVED
AUG - 8 2016
Clerk, U.S. District and
Bankruptcy Courts

, AND INSTEAD OF, THEIR REGULAR SCHEDUALED WORK DAY OR WORK WEEK WHEN EMPLAYEES WORK ON A TEMPORARY SCHEDUAL AT THE REQUEST OF MANAGEMENT. ONLY FULL- TIME EMPLOYEES MAY RECEIVE OUT-OF- SCHEDUAL- PAY.

OUT-OF-SCHEDUAL HOURS

HAD I BEEN GIVEN MY ASIGNMENT, MY HOURS WOULD HAVE BEEN, 11:30 AM TO 8:00 P.M. AS IT STOOD, AT JCTM, MY HOURS WAS 2:30 P.M. TO 11:00 P.M. ACCOURDING TO THE RULES OF OUT- OF- SCHEDUAL- PAY, THERE WERE A DIFFERENCE OF (3) THREE HOURS A DAY. THESE HOURS ARE OUT - OF- SCHEDUAL ACCORDING TO THE ELM.

SECTION 434.6 OF THE ELM SAYS, THESE HOURS SHOULD BE PAID AT THE OVERTIME RATE FOR ME AT LEVEL (5) FIVE , IS $39. 84 X 3 HOURS PER DAY IS = 119.52 PER DAY.

MY START DATE AT V ST. BEGAN ON JUNE 16TH, 2014. I WORKED (3) THREE HOURS BEFORE I WAS LIED TO BY MANAGER HARRISTON, WHO TOLD ME THAT, " THEY SAID TO RETURN BACK TO THE PLANT. SO I WAS OUT OF SCHEDUALED FOR (470) FOUR HUNDRED SEVENTY DAYS, SEPTEMBER 8TH, 2015. SO $119.52 X

470 = $56,174.40.

ALSO, SEVEN EMPLOYEES AT V STREET, WORKED IN EXCESS OF, FROM JUNE 2014 T0 SEPTEMBER 8TH 2015 , 1049.63 HOURS OF OVERTIME. IF I GOT (4) FOUR HOURS A WEEK OVERTIME, FOR , (67) WEEKS, THAT'S A TOTAL OF (268) TWO HUNDRED SIXTYEIGHT HOURS OF OVERTIME. FOR MY HIGH LEVEL, THAT WOULD BE, $39.84 AN HOUR. THAT EQUAL OUT TO $ 10,677.12 DOLLARS MISSED IN OVERTIME.

THAT BRIGS THE TOTAL OF OUT-OF-SCHEDUAL-PAY, AND MISSED OVERTIME, TO A TOTAL OF ,$ 66,851.12. THE NUMBER OF HOURS OF OVERTIME WORKED FOR ONE PERSON DURING THAT PERIOD WAS, 320.58 HOURS. I'M ASKING FOR A MINIMUM.

I GOT THIS INFORMATION FROM THE NATIONAL POSTAL MAIL HANDLERS UNION. I HAVE THE IMPORTANT FIVE PAGES OF THE ELM, AND THE CLOCK RINGS AND NAMES OF THE SEVEN PEOPLE WHO DID THE 1,049.63 HOURS OF OVERTIME. SHOULD YOU FIND IT NESSISARY TO HAVE THESE SENT TO YOUR OFFICE, I HAVE NO PROBLEM OBLIGING YOU.

THERE ARE OTHER THINGS, SUCH AS NIGHT DIFFERENTIAL WHICH I WILL NOT BOTHER WITH, HAD I WORKED AFTER (8)

EIGHT P.M. DURING MY TOUR AT V ST.

TO LET YOU KNOW THAT I AM AWARE OF THE OUT OF SACHEDUAL FORMAT, IN 2012, I WAS AWARDED $1,600.00 FOR 24 DAYS OF OUT OF SCHEDUAL PAY WHEN THE HR. MANAGER NEGLECTED TO POST THE SCHEDUAL, FOR THE BEGINNING TOUR FOR MY LEVEL FIVE POSITION.

        HOWARD T. TYSON SR.
        12018 LONG RIDGE LN.
        BOWIE, MD 20715-2352



# Verification of Employee Contact

Date: 3/26

To: Howard Tyson
(Employee's Name)

This memo is verification that Mr. Howard Tyson kept his appointments with the EAP On: 3/26/15. He was scheduled for 1:00 but I was not about to meet with him 2:00 pm.

_____  3/26/15
(Signature of EAP Counselor)         (Date)

Robert Wear LICSW                    3/26/15
(Print Name of EAP Counselor)        (Date)

This information has been disclosed to you from records protected by Federal confidentiality rules (42 C F R Part 2) The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to who it pertains or as otherwise permitted by 42 C F R Part 2 A general authorization for the release of medical or other information is NOT sufficient for this purpose The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient The Privacy Act of 1974, as amended (5 U S. C 552a), and Federal regulations promulgated in conjunction therewith also may prohibit any further disclosure of this information State and/or local law also may apply

Robert Wear EAP Consultant LICSW LCSW-C