UNITED STATES DISTRICT AND BANKRUPTCY COURTS
FOR THE DISTRICT OF COLUMBIA

CASE NO. 16-CV-01678-KBJ

HOWARD T. TYSON SR.

VS                                NOVEMBER 26, 2016

MEGAN BRENNAN

## AMENDED COMPLAINT F.R.C.P.RULR 15

1.

RELIGIOUS DISCRIMINATION: ON OR ABOUT JUNE 9TH, 2010, WHILE EMPLOYED AT THE GOVERNMENT MAILS FACILITY, V STREE N. E. WASHINGTON D.C. I WAS APPROACHED BY PLANT MANGER HARRISTON, AND TOLD TO TURN MY GOSPEL MUSIC DOWN, WHICH WAS PLAYING ON MY RADIO. I INFORMED HIM THAT HE WAS GIVEN AN OFFICE TO THE REAR OF THE BUILDING, AWAY FROM ANY DISTURBANCE ON THE FLOOR.

RECEIVED
NOV 28 2016
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

**2.**

PLANT MANGER HARRISTON APPROACHED ME ,

ABOUT MY GOSPEL MUSIC, ON SEVERAL OCCASIONS.

I ALSO INFORMED HIM THAT, HE DOESN'T SAY ANYTHING

TO THE OTHER EMPLOYEES, WHO PLAYS SECULAR MUSIC , ALSO

IN MY WORK AREA .

**3.**

AFTER SEVERAL CONFRONTATIONS, BETWEEN PLANTIFF

AND PLANT MANGER HARRISTON, OVER THE PLAYING OF THE

GOSPEL MUSIC, MY JOB WAS ABOLISHED ON OR ABOUT, APRIL 11,

2011, I WAS TRANSFERRED TO THE JOSEPH CURSEEN, THOMAS

MORRIS P&DC, TO CONTINUE EMPLOYMENT.

**4.**

A NEW MAIL HANDLER POSITION WAS POSTED ON MAY

12TH, 2014. THAT SHOULD NOT HAVE BEEN POSTED.

**5.**

THE REASON THIS POSITION SHOULD NOT HAVE BEEN

POSTED, IS BECAUSE, THE JOB BELONGED TO PLAINTIFF, DUE

TO IT BEING A RETREATED AGREEMENT .

**6.**

A RETREAT POSITION IS A NEW JOB OPENING, RESIGN FOR

AN EMPLOYEE, WHO HAD LEFT THE LOCATION, WITH A AGREEMENT.

7.

THAT AGREEMENT IS BETWEEN MANAGEMENT AND THE SENIOR EMPLOYEE WHO LEFT THAT FACILITY.

8.

THE PLAINTIFF WAS THAT SENIOR EMPLOYEE.

9.

WHEN PLAINTIFF DISCOVERED THE POSITION WAS POSTED, HE CONFERED WITH THE SENIOR UNION REPRESETATIVE , LAMAR GRIGSPY.

10.

SUBSIQUENTLY MR. GRIGSY IMFORMED PLAINTIFF, THAT THE JOB WAS HIS.

11.

ON MAY 19TH PLAINTIFF REPORTED TO HIS JOB, AND WAS SUBSEQUENTLY GIVEN A LETTER INDICATING, THE OFFER OF RETREAT. WHICH HE ACCEPTED.

12.

ON WENESDAY, MAY 21ST, 2014, PLANTIFF WAS CALLED TO PLANT MANAGERS OFFICE, YOLANDA SANDERS. WHO

INFORMED HIM , THE POSITION WAS RECENDED.

13.

PLAINTIFF ASKED MANAGER SANDERS IF SHE HAD DOCUMINTATION INDICATING THAT THE JOB WAS RECENDED.

14.

MANAGER SANDERS MENTIONED THAT THE UNION WOULD HAVE A LETTER INDICATING THAT THE RETREATED POSITION WAS RECENDED.

15.

ON MAY 21ST, PLAINTIFF CONTACTED UNINON REPRESENTITIVE, LAMAR GRISGSPY, WHO ADVISED HIM, THAT HE DID NOT HAVE A LETTER INDICATING THE POSITION HAD BEEN RECENDED.

16.

ON MAY 21ST 2014 , PLAINTIFF CALLED, MAIN UNION OFFICE, LOCATED AT 2222 CONNECTICUTE AVE N.W. WASHINGTON D.C, AND SPOKE TO MR. DICK.

17.

PLAINTIFF INFORMED MR. DICK, THAT MANGER SANDERS, INFORMED HIM, THAT THE RETREATED POSITION WAS RESENDED AND THAT, UNION REPRESENTITIVE , LAMAR

**GRIGSPY, WOULD HAVE A COPY OF A LETTER INDICATING SUCH, WHICH HE DID NOT.**

18.

**MR. DICK ADVISED PLAINTIFF, THAT IF THE UNION REPRESETITIVE DID NOT HAVE A LETTER INDICATING THAT THE POSITION WAS RESENDED, TO REPORT TO THE RETREATED POSITION.**

19.

**PLAINTIFF RETURNED TO WORK ON MAY 22ND 2014 AND WAS NOT PROVIDED ANY LETTER FROM SUPERVISORS OR PLANT MANAGERS, INDICATING THAT THE RETREAT POSITION WAS INDEAD RESENDED.**

20.

**UPON INFORMATION AND BELIEF, PLAINTIFF STATES, THAT AT NO TIME BETWEEN MAY 19TH 2014 THRU JUNE 3RD 2014 DID HE EVER RECEIVE A LETTER INDICATING THAT THE RETREATED POSITION HAD BEEN RECENED.**

21.

**ON OR ABOUT JUNE 4TH 2014, PLAINTIFF RECEIVED A LETTER INDICATING THE RETREATED POSITION HAD BEEN RECENDED.**

22.

ON JUNE 4TH 2014 PLAINTIFF WAS CALLED TO THE OFFICE OF MANAGER SANDERS. WHILE IN HER OFFICE SHE ATTEMPTED TO GIVE PLAINTIFF AN UNSIGNED LETTER REPRESENTING THAT THE RETREATED POSITION WAS RESENDEDE.

**23.**

PLAINTIFF NOTICED THAT THE LETTER WAS UNSIGNED, AND QUESTIONED MANAGER SANDERS ABOUT THE LACK OF POST MASTER, GERALD ROANE'S SIGNATURE.

**24.**

AFTER BEING QUESTION BY THE PLAINTIFF, ABOUT THE LACK OF POST MASTERS GERALD ROANE SIGNATURE, MANAGERS SANDERS SHRUGGED HER SHOULDERS, AND SHOWED PLAINTIFF HER PALMS.

**25.**

PLAINTIFF SUBSEQUENTLY, PICKED UP THE LETTER AND PROCEEDED TO THE UNION OFFICE.

**26.**

PLAINTIFF PROCEEDED TO THE UNION OFFICE, TO SHOW UNION REPRESENTITIVE, THAT THE LETTER WAS NOT AUTHENTIC. HOWEVER HIS COMPLAINT WENT UNANSWERED.

**27.**

ON JUNE 13TH 2014, PLAINTIFF APPROACHED POST MASTER GERALD ROANE AND ASKED HIM, WHY DID HE RESEND THE RETREATED BID. HIS ANSWER WAS THAT, HE DID NOT RESEND PLAINTIFF'S RETREATED POSITION.

**28.**

PLAINTIFF INFORMED, POST MASTER GERALD ROANE, THE HE HAD RECEIVED A LETTER FROM MANAGER SANDERS, INDICATING, THAT HIS RETREATED POSITION HAD BEEN RENSENDED, BY HIM.

**29.**

POST MASTER ROANE, REQUESTED THAT PLAINTIFF DELIVER A COPY OF THE LETTER TO HIS OFFICE.

**30.**

ON OR ABOUT JUNE 8TH 2014, PLAINTIFF DELIVERED A COPY OF SAID LETTER TO POST MASTER ROANE'S OFFICE.

**31.**

ON JUNE 13TH 2014 POST MASTER ROANE, AFTER READING A COPY OF THE LETTER, ADVISED PLAINTIFF TO REPORT TO HIS RETREATED POAST AT GOVERNMENT MAILS, DUE TO THE LETTER FROM HIS OFFICE, BEEING IN QUESTION.

**32.**

ON JUNE 16TH 2014, PLAINTIFF, UNDER ADVISEMENT, OF POST MASTER ROANE, REPORTED TO HIS RETREATED POST AT 3001 V. STREET N.E, WASHINGTON D.C.

**33.**

SUBSEQUENTLY AFTER ARRIVING TO THE RETREATED POST, MANAGER HARRISTON " YELD TO PLAINTIFF, CAN I HELP YOU ? ".

**34.**

PLAINTIFF RESPONDED TO MANAGER HARRISTON, BY TELLING HIM, THAT THEIR CONVERSATION SHOULD NOT BE BEFORE THE OTHER EMPLOYEES, THAT WERE STANDING IN HIS PRESENCE, BUT SHOULD BE DISCUSSED PRIVATELY IN HIS OFFICE.

**35.**

MANAGER HARRISTON EXCUSED HIMSELF FROM THE OTHER EMPLOYEES, AND MOTIONED PLAINTIFF TO FOLLOW HIM TO HIS OFFICE.

**36.**

AFTER ARRIVING TO THE OFFICE, MANAGER HARRISTON, TOLD

PLAINTIFF THAT HE HAD NO POSITION FOR HIM.

37.

PLAINTIFF REPLIED THAT, DUE TO A CERTAIN LETTER BEING IN QUESTION, HE REPORTED TO THE POST, AS INSTRUCTED BY POST MASTER ROAN.

38.

AFTER HEARING THAT, MANAGER HARRISTON, DROPPED HIS HEAD, AND TOLD PLAINTIFF TO REPORT TO THE GROUP LEADER SO HE COULD BE ASSIGNED A POSITION.

39.

PLAINTIFF RESPONDED, THAT HE WAS UNDER LIMITED DUTY, AND THAT BY POSTAL POLICY, MANAGEMENT IS RESPONCIBLE FOR ASSIGNING HIM.

40.

PLANT MANAGER HARRISTON, RESPONDED BY ADVISING PLAINTIFF THAT, THE GROUP LEADER CAN CARRY OUT THAT RESPONCIBILITY.

41.

PLAINTIFF REPORTED TO GROUP LEADER, JANE DOE, AND WAS ASSIGNED TO A DUTY STATION.

42.

AFTER WORKING APPROXIMATELY THREE HOURS, PLAINTIFF WAS CALLED TO PLANT MANAGER HARRISTON'S OFFICE.

43.

AFTER ARRIVING AT THE OFFICE, PLANT MANAGER HARRISTON TOLD PLAINTIFF THAT, "THEY SAID FOR PLAINTIFF TO REPORT BACK TO THE PLANT.

44.

PLAINTIFF ASKED PLANT MANAGER HARRISTON, WHO IS THE THEY HE IS TALKING ABOUT.

45.

PLANT MANAGER HARRISTON RESPONDED TO PLAINTIFF BY STATING " I AM THE PLANT MANGER AND I'M INSTRUCTING YOU TO RETURN BACK TO THE PLANT". AND AFTER HEARING THAT , PLAINTIFF COMPLIED WITH THE ORDER.

46.

PLANTIFF ARRIVED AT THE PLANT AT APPROXITMATELY 3:30 THAT AFTERNOON. UNDER NO DURESS FROM MANAGEMENT AND, BEGAN TO WORK.

47.

SUBSEQUENTLY, AFTER WORKING AT THE PLANT FOR APPROXITMATELY FOUR DAYS, PLAINTIF FILLED A PRE-

**COMPLAINT WITH THE EEOC , 1K-206-0049-14.**

**48.**

**THE ELM, OR THE EMPLOYEE AND LABOR RELATION MANUAL, ISSUE 26, SEPTEMBER 2013, SECTION 666.12, PROHIBITS DISCRIMINATION. B. INDIVIDUAL STATUS, NO PERSON MAY BE DISCRIMINATED AGAINST BECAUSE OF RACE, COLOR, RELIGION SEX, AGE, NATIONAL ORIGIN, DISABILITY, REPRISAL BASED ON PROTECTED ACTIVITY, MARITAL OR PARENTAL STATUS, OR SEXUAL ORIENTATION IN CONNECTION WITH EXAMINATION, APPOINTMENT, REAPPOINTMENT, REINSTATEMENT, REEMPLOYMENT, PROMOTION, TRANSFER, DEMOTION, REMOVAL, OR RETIREMENT, AS SO THE UNITED STATES CONTITUTION'S 5TH AND 14TH AMENDMENTS.**

**49.**

**IT IS PLAINTIFF BELIEF THAT PLANT MANAGER HARRISTON, DID NOT WANT HOWARD T. TYSON SR. EMPLOYED AT THE GOVERNMENT MAILS FACILITY, BECAUSED WHILE EMPLOYED THERE PREVIOUSLY, TYSON WAS PLAYING HIS GOSPEL MUSIC AND EXERCISING HIS RELIGIOUS RIGHTS AS A CHRISTIAN.**

**50.**

**FURTHER THE ACTIONS, CONDUCT OF PLANT MANAGER**

**HARRISTON, VIOLATED PLANTIFF'S CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHTS.**

51.

**IT IS PLAINTIFF'S BELIEF, THAT PLANT MANAGER HARRISTON, NEW AND UNDERSTOOD, THAT HOWARD T. TYSON, IS A CHRISTIAN, AND LIVES AS SUCH, AND DID NOT WANT PLAINTIFF BACK AT THE GOVERNMENT MAILS FACILITY.**

52.

**PLANT MANAGER HARRISTON KNEW OR SHOULD HAVE KNOWN, THAT IT IS ILLIGAL AND UNCONSTITUSIONAL, TO DISCRIMINATE ON THE BASIS OF RELIGION.**

53.

**THE FALSEFIED LETTER, ALEDGEDLY FROM POST MASTER GERALD ROANE, RESENDING THE RETREATED POSITION, WAS A DIRECT RESULT OF PLANT MANAGER HARRISTON INTERVENTION, DUE TO THIS FACT, HE DID NOT WANT PLAINTIFF THERE, EXERCISING HIS RELIGIOUS BELIEFS.**

**IN MY CLOSING, I, WITHOUT PURGERY, HAVE GIVEN THE TRUTHS TO THE RELIGIOUS DISCRIMINATION, WHICH TOOK**

PLACE AT THE JOSHEP CURSEEN, THOMAS MORRIS P& DC, AS WELL AS THE GOVERNMENT MAILS FACILITY.

1.     PLAINTIFF REQUESTS A TRIAL BY JURY

### THE RELIEF SORT BY PLAINTIFF

THAT THIS CASE BE BROUGHT TO TRIAL, TO SHINE LIGHT, ON SOME OF THE DISCRIMINATION, THAT STILL EXIST TODAY IN EVEN GOVERNMENT FACILITIES, AS WELL AS THE PRIVATE SECTOR. I CLAIM THAT, I SUFFERED EMOTIONAL DISTRESS, DURING THIS DISCRIMINATION. I HAD TO SEEK HELP FROM THE POSTAL EAP. DR. ROBERT WEAR, AT THE FACILITY. WHOM I'VE SPENT TIME FOR DIFFERENT ISSUES. MARRITAL AS WELL AS POSTAL, MOSTLY POSTAL. THIS IS WHERE MOST OF MY STRESS CAME FROM.

### COMPLAINANT REQUEST AS A REMEDY

1.     OUT OF SCHEDUAL PAY. OUT OF SCHEDUAL PAY, IS MANDITORY, IF THE FACILITY FALES TO FACILITATE TO THE SENIOR EMPLOYEE, THEIR BIDED, OR RETREATED POSITIONS AT THE PRESCRIBED TIME.

## 2. FAILURE TO HONOR SECTION 12.3/B3 OF THE POSTAL MAIL HANDLER UNION MANUAL

SECTION 12.3 /B3 SAYS, IF A POSITION IN A FACILITY OF THE POST OFFICE, WHERE THER WERE RETREATED POSITIONS, WHICH BECOMES AVAILABLE, EVEN THOUGH IT SAYS, SHOULD BE POSTED, WITHIN TEN (10) DAYS. BUT ONLY AFTER IT HAS BEEN DETERMINED, THAT THE POSITION IS NOT TO BE REVERTED.

SECTION 12.3/B3 ALSO SAYS, IF A VACANT DUTY ASSIGNMENT HAS NOT BEEN POSTED WITHIN THIRTY (30) DAYS, THE INSTILATION HEAD, (MANAGER CICIL HARRISTON) OR THE INSTELLATION HEAD'S DESIGNEE, SHALL ADVISE THE UNION IN WRITING, ( LAMAR GRISGSPY) THE REASON THE POSITION WAS BEING WITHHELD, AND THE ANTISIPATED LENGTH OF TIME, SUCH POSITION WILL REMAIN VACANT.

THAT, AFFORSTATED, DID NOT HAPPEN. EVEN AFTER THE TEN (10) DAYS, NOR THE THIRTY(30) DAYS, NOT EVEN THE MENTIONING OF THE REVERTED POSITION, TO THE INTENDED RECIPIENT OF THE REVERTED POSITION, SENIOR MAIL HANDLER HOWARD T. TYSON SR., WHICH WERE DIRECTLY IN VIOLATION , OF SECTION 12.3/ B3, WHICH CAUSED THIS RELIGIOUS

DISCRIMINATION LAW SUIT TO BE FILED.

BECAUSE OF THE FAILURE TO FOLLOW THE RULES OF THE ELM, AND THE NPMHU, PLAINTIFF ASK THAT UNITED STATES POSTAL SERVICE AWARD HIM OUT OF SCHEDULE PAY IN THE AMOUNT OF $66,851.12, PER SCHEDULED DATED NOVEMBER 25, 2016.

ALSO, I PLEAD A SUM OF $100,000.00 DOLLARS IN COMPENSITORY AND OR PUNITIVE DAMAGES.

*(signature)*
HOWARD T. TYSON SR
12018 LONG RIDGE LN
BOWIE MD, 20715

# Certificate of Service

I, Howard T. Tyson Sr. have mailed a copy of these Motions, Motion in Opposition to defendants' Motion to Dismiss & Amended Complaint F.R.C.P Rule 15, to Defendant's located at, 555 Fourth St. N.W. Washington D.C. 20530, Attorney, Joshua Kolsky on November 28th 2016

Howard J. Tyson
12016 Long Ridge Ln
Bowie MD 20715