**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HOWARD T. TYSON,               ) | |
|                     ) | |
|           Plaintiff,     ) | |
|                     ) | |
| v.                     ) | Civil Action No. 16-1678 (KBJ) |
|                     ) | |
| MEGAN J. BRENNAN, POSTMASTER   ) | |
| GENERAL,                  ) | |
|           Defendants.    ) | |
|                     ) | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedures 12(b)(6) and 56, Defendant Megan Brennan, U.S. Postmaster General, by and through undersigned counsel, respectfully moves the Court to dismiss Plaintiff's Amended Complaint in its entirety because it fails to state a claim upon which relief can be granted and fails to meet the standards of Rule 8(a). In the alternative, Defendant moves for entry of summary judgment. A memorandum of law, statement of undisputed material facts, exhibits, and a proposed order are attached.[1]

---

[1] Plaintiff is hereby advised that "the failure to respond to an adverse party's summary judgment motion may result in the district court granting the motion and dismissing the case." *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff is further advised that any factual assertions in the affidavits and declarations in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence contradicting such assertions. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). Plaintiff is specifically advised that Federal Rules of Civil Procedure 56(e) provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/_____
JOSHUA M. KOLSKY, D.C. Bar # 993430
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HOWARD T. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1678 (KBJ) |
| | ) | |
| MEGAN J. BRENNAN, POSTMASTER | ) | |
| GENERAL, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute:

1.    In 2014, Plaintiff Howard Tyson was employed by the U.S. Postal Service at the Curseen-Morris Mail Processing and Distribution Center.  Am. Compl. ¶ 1.

2.    In May 2014, a position at the government mails facility posted.  *Id*. ¶ 4.  Plaintiff appeared for work at the government mails facility intending to occupy the position.  *Id*. ¶ 32.

3.    After Plaintiff arrived at the government mails facility, manager Cecil Harriston called the Postmaster.  Harriston Affidavit, Ex. A, at ¶ 7.  Mr. Harriston learned that the job that Plaintiff sought to occupy was posted in error and that the job was being reverted.  *Id*. ¶¶ 7, 13.

4.    After learning about the error, Mr. Harriston told Plaintiff to return to his assigned duty station.  Ex. A ¶ 7.

5.    Plaintiff's religion was not a factor in instructing him not to report to the position at the government mails facility.  Ex. A ¶ 19.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/_____
JOSHUA M. KOLSKY, D.C. Bar # 993430
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| HOWARD T. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1678 (KBJ) |
| | ) | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

Factual Background ...........................................................................................................1

Procedural Background......................................................................................................1

Standard of Review...........................................................................................................2

    I.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)...............................................................2

    II.  Summary Judgment Pursuant to Rule 56.........................................................................4

Argument ..........................................................................................................................6

    I.  The Court Should Dismiss Plaintiff's Claim for Religious Discrimination or Grant Summary Judgment in Defendant's Favor .....................................................................6

    II.  The Court Should Dismiss Plaintiff's Claim for "Failure to Honor Section 12.3/B3 of the Postal Mail Handler Union Manual" ................................................................10

Conclusion .....................................................................................................................12

# TABLE OF AUTHORITIES

*American Postal Workers Union v. United States Postal Service*,
    65 F. Supp. 3d 134 (D.D.C. 2014) ............................................................................................ 11

*American Postal Workers Union v. United States Postal Service*,
    755 F. Supp. 1076 (D.D.C. 1989) ............................................................................................ 11

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................ 4, 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................... ………..……… 3, 4, 7, 8

*Baird v. Gotbaum*,
    662 F.3d 1246 (D.C. Cir. 2011) .................................................................................................. 6

*Baloch v. Kempthorne*,
    550 F.3d 1191 (D.C. Cir. 2008) .................................................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 2, 3, 4, 8

*Brady v. Office of the Sergeant at Arms*,
    520 F.3d 490 (D.C. Cir. 2008)……………………………………………………………..…9

*Brantley v. Kempthorne*,
    2008 U.S. Dist. LEXIS 38406 (D.D.C. May 13, 2008)………………………………………..3

*Bridgeforth v. Jewell*,
    721 F.3d 661 (D.C. Cir. July 2, 2013) ...................................................................................... 6

*Brookens v. Solis*,
    635 F. Supp. 2d 1 (D.D.C. 2009) .............................................................................................. 3

*Brown v. GSA*,
    425 U.S. 820 (1976) ................................................................................................................ 11

*Burke v. Gould*,
    286 F.3d 513 (D.C. Cir. 2002) .................................................................................................. 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .................................................................................................................. 5

*Conley v. Gibson*,
    355 U.S. 41 (1957) .............................................................................................................. 2, 3

*Coulibaly v. Kerry*,
    2016 U.S. Dist. LEXIS 135154 (D.D.C. Sept. 30, 2016)……………..………..…..………..11

*Douglas v. Preston*,
    559 F.3d 549 (D.C. Cir. 2009) ................................................................................. 6

*EEOC v. Concentra Health Servs., Inc.*,
    496 F.3d 773 (7th Cir. 2007) ................................................................................... 3

*Erickson v. Pardus*,
    551 U.S. 89 (2007) .................................................................................................. 2

*Flowers v. Runyon*,
    1999 U.S. Dist. LEXIS 6432 (E.D. La. Apr. 27, 1999)……………….……………….…..11

*Forkkio v. Powell*,
    306 F.3d 1127 (D.C. Cir. 2002) .............................................................................. 7

*Fox v. Strickland*,
    837 F.2d 507 (D.C. Cir. 1988) ................................................................................ 1

*Gaujacq v. EDF, Inc.*,
    601 F.3d 565 (D.C. Cir. 2010) ................................................................................ 4

*Gustave-Schmidt v. Chao*,
    226 F. Supp. 2d 191 (D.D.C. 2002) ...................................................................... 10

*Haines v. Kerner*,
    404 U.S. 519 (1972) .............................................................................................. 10

*Hastie v. Henderson*,
    121 F. Supp. 2d 72 (D.D.C. 2000) .......................................................................... 5

*Hayes v. Shalala*,
    902 F. Supp. 259 (D.D.C. 1995) ............................................................................. 5

*Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*,
    937 F. Supp. 2d 18 (D.D.C. 2013) .......................................................................... 4

*Jarrell v. Tisch*,
    656 F. Supp. 237 (D.D.C. 1987) ........................................................................... 10

*Johnson v. District of Columbia*,
    2015 U.S. Dist. LEXIS 93063 (D.D.C. July 17, 2015)……………………………………….2

*Jovanovic v. US-Algeria Bus. Council*,
    561 F. Supp. 2d 103 (D.D.C. 2008) ........................................................................ 2

*Kassem v. Washington Hosp. Ctr.*,
   513 F.3d 251 (D.C. Cir. 2008) ................................................................ 3

*Kassner v. Second Ave. Delicatessen, Inc.*,
   496 F.3d 229 (2d Cir. 2007) ................................................................... 3

*Laningham v. Navy*,
   813 F.2d 1236 (D.C. Cir. 1987) .............................................................. 5

*Lathram v. Snow*,
   336 F.3d 1085 (D.C. Cir. 2003) .............................................................. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................... 5

*McNair v. United States Postal Service*,
   768 F.2d 730 (5th Cir. 1985) ................................................................ 12

*Neal v. Kelly*,
   963 F.2d 453 (D.C. Cir. 1992) ................................................................ 1

*Nichols v. Truscott*,
   424 F. Supp. 2d 124 (D.D.C. 2006) ....................................................... 3

*Ortiz-Diaz v. United States HUD*,
   831 F.3d 488 (D.C. Cir. 2016) ................................................................ 7

*Ramirez v. County of San Bernardino*,
   806 F.3d 1002 (9th Cir. 2015) ................................................................ 1

*Reeves v. Sanderson Plumbing*,
   530 U.S. 133 (2000) ............................................................................... 5

*Sparrow v. United Air Lines, Inc.*,
   216 F.3d 1111 (D.C. Cir. 2000) .............................................................. 3

*Spiegel v. Leavitt*,
   2005 U.S. Dist. LEXIS 22470 (D.D.C. Sept. 22, 2005)...............................6

*Stewart v. Ashcroft*,
   352 F.3d 422 (D.C. Cir. 2003) ................................................................ 7

*Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*,
   833 F.2d 1560 (Fed. Cir. 1987) .............................................................. 4

*United States ex rel. Heavy Materials, LLC v. Tip Top Constr. Corp.*,
   2016 U.S. Dist. LEXIS 66434 (D.V.I. May 20, 2016).................................2

*Williams v. Spencer*,
   883 F. Supp. 2d 165 (D.D.C. 2012) .................................................................................... 11, 12

*Woodruff v. DiMario*,
   164 F. Supp. 2d 1 (D.D.C. 2001) ............................................................................................. 5

## FACTUAL BACKGROUND

According to the Amended Complaint, Plaintiff Howard Tyson was employed at the government mails facility in 2010.  Am. Compl. ¶ 1.  He was told by manager Cecil Harriston to turn down the gospel music he was playing on his radio.  *Id.*  Plaintiff was later transferred to the Curseen-Morris Mail Processing and Distribution Center.  *Id.* ¶ 3.

In May 2014, a new mail handler position was posted at the government mails facility.  *Id.* ¶ 4.  Plaintiff had "retreat" rights to that position because he had previously occupied it.  *Id.* ¶¶ 5-8.  Seeking to occupy the position again, Plaintiff reported to the government mails facility where he was told by Mr. Harriston that "he had no position for him" and that Plaintiff should return to his assigned duty station.  *Id.* ¶¶ 32-36, 43.

Plaintiff further alleges that Defendant "fail[ed] to honor" certain provisions of the "Postal Mail Handler Union Manual."

## PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing his Complaint on August 17, 2016.  Dkt. No. 1.  Defendant filed a Motion to Dismiss the Complaint on October 24, 2016.  Dkt. No. 9.  On November 28, 2016, Plaintiff filed an Amended Complaint as well as a document titled "Motion in Opposition to Defendant's Motion to Dismiss."  Dkt. Nos. 13, 14.  The purported opposition is a near duplicate of the Amended Complaint, except it does not contain the allegations relating to Plaintiff's second claim for violations of the "Postal Mail Handler Union Manual."

Defendant now files the instant motion to dismiss the Amended Complaint or, in the alternative, for summary judgment.[2]

---

[2] Defendant's prior Motion to Dismiss was rendered moot by the filing of Plaintiff's Amended Complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an amended complaint supersedes the original, the latter being treated thereafter as non-existent"

**STANDARD OF REVIEW**

**I.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  In ruling on a motion

to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and

must accept as true all reasonable factual inferences drawn from well-pleaded factual

allegations." *Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 110 (D.D.C. 2008).  In

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the standard of

pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).

The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'"  *Id.* at 555

(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957)); *see also Erickson v. Pardus*, 551 U.S.

89, 93 (2007).  Although "detailed factual allegations" are not necessary to survive a Rule

12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must

furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause

of action."  *Twombly*, 550 U.S. at 555.  The Court stated that while there was no "probability

requirement at the pleading stage," *id.* at 556, "something beyond . . . mere possibility . . . must

be alleged[.]"  *Id.* at 557-58.  The facts alleged "must be enough to raise a right to relief above

the speculative level," *id.* at 555, or must be sufficient "to state a claim for relief that is plausible

---

rendering motion to dismiss the original complaint moot) (internal quotation marks omitted);
*Johnson v. District of Columbia*, 2015 U.S. Dist. LEXIS 93063, at *13 (D.D.C. July 17, 2015)
(denying as moot motion to dismiss first amended complaint because second amended complaint
was filed and became the operative complaint); *United States ex rel. Heavy Materials, LLC v.
Tip Top Constr. Corp.*, 2016 U.S. Dist. LEXIS 66434, at *26 n.16 (D.V.I. May 20, 2016).

on its face." *Id*. at 570.  The Court referred to this newly-clarified standard as "the plausibility standard." *Id*. at 560-61 (abandoning the "no set of facts" language from *Conley v. Gibson*).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further clarified the plausibility pleading standard, explaining that it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*  The plausibility standard "asks for more than a sheer possibility that a defendant acted unlawfully. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

These standards apply equally in employment cases.  *See, e.g.*, *Brookens v. Solis,* 635 F. Supp. 2d 1, 4 n.4 (D.D.C. 2009); *Nichols v. Truscott*, 424 F. Supp. 2d 124, 132 (D.D.C. 2006); *Kassner v. Second Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007).  The Court is to generally rely on the factual allegations in the complaint and, along with reasonable inferences from them, draw appropriate legal conclusions from those facts.  Thus, it does not appear that simply asserting discrimination in a pleading, per *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), can now survive a motion to dismiss a complaint of employment discrimination.  *See Kassem v. Washington Hosp. Ctr.*, 513 F.3d 251, 253-54 (D.C. Cir. 2008) (citing *Sparrow* only for standard of appellate review and citing *Twombly* for standard on motion to dismiss).  Thus, "[w]hile a plaintiff is not required to plead a *prima facie* case of [discrimination], the alleged facts must be able to support such a claim."  *Brantley v. Kempthorne*, 2008 U.S. Dist. LEXIS 38406, at *24 (D.D.C. May 13, 2008), *aff'd*, 2008 U.S. App. LEXIS 26295.

Further, the Court "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint.  Moreover, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 27 (D.D.C. 2013) (internal quotation marks and citations omitted).  Thus, the plausibility pleading standard demands more than a sheer possibility that the defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 678.  A complaint that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "pleads facts that are merely consistent with a defendant's liability, [] stops short of the line between possibility and plausibility of entitlement to relief," and is insufficient to withstand a Rule 12(b)(6) motion to dismiss.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

## II.     Summary Judgment Pursuant to Rule 56

Where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is warranted by Rule 56(a) of the Federal Rules of Civil Procedure.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (interpreting Rule 56(c), the prior version of Rule 56(a)); *Gaujacq v. EDF, Inc.*, 601 F.3d 565, 575 (D.C. Cir. 2010).  A genuine issue of material fact is one that would change the outcome of the litigation.  *Anderson*, 477 U.S. at 248.  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48 (emphasis in original).

The moving party's burden "may be discharged by 'showing' – that is, pointing out to the [Court] – that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the

moving party meets its burden, the non-moving party must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Burke v. Gould*, 286 F.3d 513, 517-20 (D.C. Cir. 2002) (requiring a showing of specific, material facts). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Thus, in order to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. *See Celotex*, 477 U.S. at 322-23; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (non-movant is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

"[T]o survive summary judgment the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." *Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003); *see Reeves v. Sanderson Plumbing*, 530 U.S. 133, 142-43 (2000). Indeed, the plaintiff must present substantial and credible evidence of discrimination in order to survive a motion for summary judgment. *See Woodruff v. DiMario*, 164 F. Supp. 2d 1, 5 (D.D.C. 2001); *Hastie v. Henderson*, 121 F. Supp. 2d 72, 77 (D.D.C. 2000) ("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'") (quoting *Hayes v. Shalala*, 902 F. Supp. 259,

263-64 (D.D.C. 1995)).  "Even in employment discrimination cases where elusive concepts such as motive or intent are at issue, '[the Rule 56] standard compels summary judgment if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation.'"  *Spiegel v. Leavitt*, 2005 U.S. Dist. LEXIS 22470, at *23 (D.D.C. Sept. 22, 2005) (citation omitted).

## ARGUMENT

### I.  The Court Should Dismiss Plaintiff's Claim for Religious Discrimination or Grant Summary Judgment in Defendant's Favor

Plaintiff's Amended Complaint purports to allege discrimination on the basis of religion. "Under Title VII, . . .  the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability."  *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).  Plaintiff's allegations, however, fail to state a plausible claim for relief.

First, Plaintiff has failed to allege any factual matter to plausibly establish that he suffered any cognizable adverse action.  As the D.C. Circuit has explained, "not everything that makes an employee unhappy is an actionable adverse action," because otherwise the courts would be called upon to mediate "even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like."  *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. July 2, 2013) (internal quotation marks and citations omitted).  "For discrimination claims, an action must, to qualify, be a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."  *Baird v. Gotbaum*, 662 F.3d 1246, 1248 (D.C. Cir. 2011) (internal quotation marks omitted).  A "tangible employment action in most cases inflicts direct economic harm."  *Douglas v. Preston*, 559 F.3d 549, 552 (D.C. Cir. 2009).

Here, Plaintiff alleges that while assigned to the Curseen-Morris Mail Processing and Distribution Center, he was not allowed to return to his previously-held position at the government mails facility.  Am. Compl. ¶¶ 1-53.  But "'[a]bsent extraordinary circumstances not present here, a purely lateral transfer does not amount to an adverse employment action' cognizable under Title VII."  *Ortiz-Diaz v. United States HUD*, 831 F.3d 488, 490 (D.C. Cir. 2016) (alteration in original).  The D.C. Circuit has held that a plaintiff "denied a lateral transfer—that is, one in which [plaintiff] suffers no diminution in pay or benefits—does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment."  *Stewart v. Ashcroft*, 352 F.3d 422, 426 (D.C. Cir. 2003); *see also Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002) ("Purely subjective injuries, such as dissatisfaction with a reassignment . . . are not adverse actions.").

Plaintiff does not allege any facts from which to infer that his denial of a lateral transfer to the government mails facility had any effect on the terms, conditions, or privileges of Plaintiff's employment.  Indeed, Plaintiff's Amended Complaint does not even indicate what position Plaintiff held, much less how that position was supposedly less favorable than the position he was seeking at the government mails facility.  There is simply nothing to indicate that he was subjected to an adverse employment action.

Even assuming for purposes of argument that the denial of a lateral transfer was somehow materially adverse, Plaintiff's claim would still fail because he has not sufficiently alleged that his transfer was denied ***because of*** any protected characteristic.  Plaintiff alleges that the manager at the government mails facility did not want Plaintiff to work there because Plaintiff is a Christian.  *See* Am. Compl. ¶¶ 49, 51, 53.  These allegations, however, are no more than legal conclusions and are not entitled to an assumption of truth.  *Iqbal*, 556 U.S. at 678.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

The only other reference to religion in the Amended Complaint is Plaintiff's allegation that, four years earlier, the manager told Plaintiff "to turn [his] gospel music down, which was playing on [Plaintiff's] radio" and that the manager did not say anything to other employees who play secular music.  Am. Compl. ¶¶ 1-2.  This allegation, however, in no way suggests that the manager was discriminating against Plaintiff when, four years later, he told Plaintiff to return to his assigned duty station.   Indeed, Plaintiff does not even allege that the manager made the decision to deny Plaintiff a later transfer.  To the contrary, the allegation is that the manager merely relayed to Plaintiff a decision made by others within Postal Service management.  *See id*. ¶ 43.  Moreover, the allegation that the manager told Plaintiff to turn his music *down*, not off, indicates that the music was too loud, not that the manager singled out Plaintiff based on the religious nature of his music.   To the extent that Plaintiff may have the right to play religious music in the workplace, he certainly lacks the right to do so at a loud volume.

At bottom, Plaintiff has alleged only that he was denied a transfer that he believes he should have received.  While denial of a transfer to which he believed he was entitled might be consistent with purposeful discrimination, "a complaint [that] pleads facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  Here, Plaintiff's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct[;] the complaint has [therefore merely] alleged – but it has not shown – that [Plaintiff] is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

In the alternative, even assuming Plaintiff has pleaded facts sufficient to plausibly give rise to an entitlement to relief, Defendant is nevertheless entitled to judgment as a matter of law. Defendant has been able to establish a legitimate, nondiscriminatory reason as to why Plaintiff was not permitted to return to his old position. Cecil Harriston, manager of the government mails facility, explained that after Plaintiff unexpectedly appeared for work at the facility, Mr. Harriston called the Postmaster. Harriston Affidavit, Ex. A, at ¶ 7. Mr. Harriston learned that the job that Plaintiff had retreat rights to was posted in error and that the job was being reverted. *Id*. ¶¶ 7, 13. After learning about the error, Mr. Harriston told Plaintiff to return to his assigned duty station. *Id*. § 7. Mr. Harriston further explained that Plaintiff's religion was not a factor in instructing him not to report to the position at the government mails facility. *Id*. ¶ 19. When, years earlier, Mr. Harriston told Plaintiff to turn down his very loud gospel music, he did so because the music was too loud, not because of its religious nature. *Id*. Mr. Harriston's account is consistent with that of Postmaster Gerald Roane, who reported that the position Plaintiff sought was posted in error. Roane Affidavit, Ex. B, at ¶ 7.

Accordingly, Defendant has met its burden of articulating a legitimate non-discriminatory reason for its actions. The Court must therefore "resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee[.]" *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Plaintiff can offer no evidence that Defendant's stated reason was pretextual.

## II.   The Court Should Dismiss Plaintiff's Claim for "Failure to Honor Section 12.3/B3 of the Postal Mail Handler Union Manual"

Plaintiff also purports to plead a claim for "failure to honor" a section of the "Postal Mail Handler Union Manual."   Presumably, Plaintiff is referring to the agreement between the National Postal Mail Handlers Union and the U.S. Postal Service ("National Agreement"), excerpts of which are attached hereto as Exhibit C.[3]   Plaintiff's claim should be dismissed for at least three reasons.

First, Plaintiff's claim fails to meet the basic pleading standard embodied in Rule 8(a) of the Federal Rules of Civil Procedure.   Rule 8(a) provides that, at a minimum, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."   Although *pro se* pleadings are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure.   *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).   Plaintiff's Amended Complaint fails to meet the Rule 8(a) standard with respect to this claim because it contains a series of nearly incomprehensible allegations, not a plausible claim for relief.

Second, Plaintiff's claim appears to be a mere repackaging of his deficient discrimination claim, as he alleges that the supposed violations of the National Agreement "caused this religious discrimination lawsuit to be filed."   Am. Compl. at 14-15.   As the Supreme Court has held, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."

---

[3] The Court may consider the National Agreement while applying the Rule 12(b)(6) standard because it is incorporated by reference into the Amended Complaint.   *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) ("In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.").

*Brown v. GSA*, 425 U.S. 820, 835 (1976).  For this reason, courts routinely dismiss claims that simply restate allegations of discrimination under the guise of a different legal claim.  *See, e.g., Williams v. Spencer*, 883 F. Supp. 2d 165, 174-75 (D.D.C. 2012) (dismissing claim for violation of labor management agreement where claim mostly restated retaliation and hostile work environment claims); *Coulibaly v. Kerry*, 2016 U.S. Dist. LEXIS 135154, at *60-61 (D.D.C. Sept. 30, 2016) (various claims were precluded by federal antidiscrimination statutes).

Third, Plaintiff cannot sue for an alleged violation of the National Agreement.  "It is axiomatic that employees must avail themselves of grievance and arbitration procedures provided for in a collective bargaining agreement before filing suit for breach of the collective bargaining agreement or before filing suit on a claim which requires the court to interpret a collective bargaining agreement."  *American Postal Workers Union v. United States Postal Service*, 755 F. Supp. 1076, 1078 (D.D.C. 1989).  "[F]ailure to exhaust the collectively bargained-for grievance-arbitration process requires dismissal of a plaintiff's claim."  *American Postal Workers Union v. United States Postal Service*, 65 F. Supp. 3d 134, 141 (D.D.C. 2014).

Here, Article 15 of the National Agreement establishes a multi-step grievance-arbitration procedure for the resolution of employee grievances, which culminates in final and binding arbitration.  *See* Ex. C at 74-87; *see also Flowers v. Runyon*, 1999 U.S. Dist. LEXIS 6432, at *9 (E.D. La. Apr. 27, 1999) ("The national agreement . . . establishes a multi-tiered grievance arbitration procedure which is completely controlled by the union after the initial step and which culminates in final and binding, third-party arbitration.").  The term "grievance" is defined to include "the complaint of an employee . . . which involves the interpretation, application of, or compliance with the provisions of [the National Agreement.]"  Ex. C at 74.

Accordingly, Plaintiff was required to follow grievance procedures instead of filing suit in federal court.  "When a collective bargaining agreement establishes a mandatory, binding grievance procedure and gives the union the exclusive right to pursue claims on behalf of aggrieved employees, the results obtained by the union are normally conclusive of the employees' rights under the agreement."  *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir. 1985) (footnote omitted).  "This means, of course, that an aggrieved worker whose employment is governed by such an agreement normally lacks standing independently . . . to sue for breach of the collective bargaining agreement . . . ."  *Id.*  Plaintiff did not file any grievance or otherwise follow the procedure specified in the National Agreement.  Therefore, his claim should be dismissed.  *See Spencer*, 883 F. Supp. 2d at 174-75 (dismissing claim for violation of labor management agreement where plaintiff failed to contradict assertion that plaintiff did not follow grievance procedure in agreement).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court dismiss Plaintiff's Amended Complaint or, in the alternative, grant summary judgment to Defendant.


Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/_____
JOSHUA M. KOLSKY, D.C. Bar # 993430
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2016, I caused the foregoing, and the accompanying proposed order, to be mailed to Plaintiff at the address below by First Class U.S. Mail.

Howard Tyson Sr.
12018 Longe Ridge Lane
Bowie, MD 20715

_____/s/_____
Joshua M. Kolsky