**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| HOWARD T. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1678 (KBJ) |
| | ) | |
| MEGAN J. BRENNAN, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

i

## TABLE OF CONTENTS

Argument ................................................................................................................................1

    I.   The Court Should Dismiss the Complaint Under Rule 12(b)(6) ......................................1

    II.  In the Alternative, the Court Should Grant Summary Judgment to Defendant ................1

Conclusion ..............................................................................................................................4

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ ………..……… 1

*Bowie v. Ashcroft*,
   283 F. Supp. 2d 25 (D.D.C. 2003) ..................................................................................... 3

**ARGUMENT**

**I.      The Court Should Dismiss the Complaint Under Rule 12(b)(6)**

Defendant's Motion argued that Plaintiff had failed to allege facts to establish plausibly that he had suffered a cognizable adverse action or that any such action was taken because of his religion, as he claims. Motion at 6-8. Plaintiff's Opposition consists mostly of a discussion of facts, with citations to materials outside the Amended Complaint ("Complaint"), not legal argument. Indeed, the only argument concerning Defendant's Rule 12(b)(6) motion is the assertion that "Plaintiff contends that his complaint contains suffiecient [sic] factual matter, accepted as true, to state a claim to [sic] relief that is plausible on face [sic]." Opp'n at 21. This single, conclusory statement in Plaintiff's Opposition is wholly insufficient to rebut the arguments made in Defendant's Rule 12(b)(6) Motion. The fact remains that the Complaint does not allege facts from which it could be inferred that Plaintiff suffered anything other than a denial of a lateral transfer, which did not affect the terms, conditions, or privileges of his employment. *See* Motion at 7. Likewise, there are no allegations suggesting that Plaintiff was denied a transfer because he is a Christian. *Id.* at 7-8. Accordingly, the Court should grant Defendant's Motion and dismiss the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     In the Alternative, the Court Should Grant Summary Judgment to Defendant**

If the Court does not dismiss Plaintiff's Complaint, it should enter summary judgment in Defendant's favor.[1]  Plaintiff believes that the alleged discriminating official, Mr. Harriston,

---

[1] Plaintiff failed to respond to Defendant's Statement of Undisputed Material Facts as required by Local Rule 7(h) and should therefore be deemed to have admitted those facts. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) (affirming district court's decision deeming facts admitted where plaintiff's response failed to comply with local rules); *Sec. Fin. Life Ins. Co. v. Dep't of Treasury*, No. 03-102, 2005 U.S. Dist. LEXIS 6641, at *2-3 (D.D.C. Apr. 12, 2005) (unrebutted statement of material facts deemed admitted); *Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 119

acted with discriminatory intent because – years before the events at issue in this case – Mr. Harriston told Plaintiff to lower the volume of the gospel music that Plaintiff was playing in the workplace. Plaintiff's Opposition confirms that this alleged incident had nothing to do with any anti-Christian animus. Plaintiff's Opposition states that this incident "could suggest to a jury that" Mr. Harriston "was more irritated about hearing the gospel music than hearing the secular music" and that Mr. Harriston "had a dislike for the gospel music." Opp'n at 10. But a dislike for gospel music by someone does not suggest that person harbors anti-Christian animus or that he or she tends to discriminate against Christians on the basis of their religion. The fact that Mr. Harriston may have preferred other types of music over gospel certainly does not suggest that he discriminated against Plaintiff because of Plaintiff's religious beliefs when, years later, he informed Plaintiff that the position Plaintiff sought had been rescinded.

In any event, Plaintiff is incorrect in his assertion that "the Defendant has no evidence before the Court showing that Plaintiff['s] music was too loud[.]" Opp'n at 11. In his affidavit, Mr. Harriston stated that Plaintiff "was playing gospel music very loud on his radio in the workroom floor and I told him to turn it down. I told him to turn it down because it was too loud, not because of his religion." Harriston Affidavit, Ex. A, at ¶ 19. Indeed, it is Plaintiff who has offered no evidence that his gospel music was playing at an appropriate volume.

Plaintiff's Opposition also contains a series of confusing arguments relating to Defendant's reasoning for not allowing Plaintiff to work at the Government Mails Facility, which Plaintiff contends "is all a hoax, fraud, and a smoke screen." Opp'n at 13. The crux of Plaintiff's argument appears to be that it was Mr. Harriston who decided to rescind the position

---

(D.D.C. 2011) (same); Local Civil Rule 7(h)(1) ("[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

that Plaintiff sought. *See, e.g.*, Opp'n at 15 ("it was Mr. Harriston that got the ball rolling to resend [sic] the position"). It is unclear why that fact, even if true, would tend to suggest any religious discrimination had occurred. Moreover, Plaintiff's assertion appears to be inconsistent with his own timeline of events. Plaintiff states that another manager, Yolanda Sanders, at a different facility, first told Plaintiff that the position had been rescinded. Opp'n at 5-7. Also, upon Plaintiff's arrival at the Government Mail Facility, Mr. Harriston initially had Plaintiff assigned to a position and only later told Plaintiff to return to his prior work site. *Id*. at 9.

Importantly, Plaintiff does not contend that the position in question was not actually rescinded. In other words, he does not claim that management merely pretended to rescind the position but then selected someone else for the position instead of Plaintiff. Accordingly, Plaintiff cannot establish a *prima facie* case for his discrimination claim. "A plaintiff whose claim is premised on the cancellation of a vacancy announcement must meet the same prima facie elements required for 'conventional' non-selection claims, *i.e.*, (1) that the plaintiff belongs to a protected group (2) that []he was qualified and applied for a position for which the employer was seeking applicants; (3) that the plaintiff was rejected despite h[is] qualifications; and (4) that the position remained open and was filled by a similarly situated person from outside the protected group." *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 31 (D.D.C. 2003). Where a vacancy announcement is cancelled and no one outside the plaintiff's protected class is hired to fill the position, "the plaintiff cannot establish h[is] *prima facie* case because []he cannot satisfy the fourth prong of the analysis." *Id*.

Accordingly, Plaintiff has failed to show that there exists a genuine dispute of material fact to preclude summary judgment. Plaintiff cannot establish the elements of a *prima facie* case nor can he present evidence that the decision to rescind the position he sought was undertaken in

3

order to discriminate against him because of his religion.  Summary judgment in Defendant's favor is appropriate.[2]

## CONCLUSION

For the reasons stated above and in Defendant's Motion, Defendant respectfully requests the Court to dismiss Plaintiff's Amended Complaint with prejudice under Rule 12(b)(6) or, in the alternative, Defendant seeks entry of summary judgment under Rule 56.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/_____
JOSHUA M. KOLSKY, D.C. Bar # 993430
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

*Attorneys for Defendant*

---

[2] Defendant's Motion argued for dismissal of what Defendant understood to be a claim for "Failure to Honor Section 12.3/B3 of the Postal Mail Handler Union Manual."  Motion at 10-12.  Plaintiff's Opposition states that "the section of the Amended Complaint the Defendant is talking about is where the Plaintiff is simply talking about the type of relief he is seeking" and that Plaintiff "is not suing for a violation of the National Agreement."  Opp'n at 20.  Based on Plaintiff's representation that he is not asserting a claim for violation of the National Agreement, Defendant withdraws its argument for dismissal of that non-existent claim.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, I caused the foregoing, and the accompanying proposed order, to be mailed to Plaintiff at the address below by First Class U.S. Mail.

Howard Tyson Sr.
12018 Longe Ridge Lane
Bowie, MD 20715

_____/s/_____
Joshua M. Kolsky