# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD T. TYSON, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-1678 (KBJ) |
| MEGAN J. BRENNAN, *Postmaster General*, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Howard T. Tyson, Sr. is an employee of the United States Postal Service ("USPS" or "Postal Service") who contends that the Postal Service discriminated against him on the basis of his religion when he was reassigned to another duty location and was prevented from returning because the open position at his original station was rescinded. (Am. Compl., ECF No. 14, ¶¶ 1–12, 49–53.) Tyson has filed the instant employment discrimination action against Defendant Megan Brennan, the U.S. Postmaster General (in her official capacity), and although the complaint is less than clear about the legal basis for the claim alleged, the Court presumes that Tyson is proceeding under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, as he states in a later filing. (*See* Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss or Summ. J. ("Pl.'s Opp'n"), ECF No. 20, at 20 ("Plaintiff is suing the defendant for religious discrimination under Title VII of the Civil Rights Act of 1964[.]"))[1]

Before this Court at present is USPS's motion to dismiss Tyson's complaint, or

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

in the alternative, motion for summary judgment.  (*See* Def.'s Mot. to Dismiss Pl.'s Am. Compl., or, in the Alternative, for Summ. J. ("Def.'s Mot."), ECF No. 15, at 1–2; Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), ECF No. 15, at 5–24).  USPS argues that because the appointment that was allegedly rescinded due to religious discrimination was nothing more than a lateral transfer, Tyson's complaint fails to plead specific facts showing that Tyson suffered an adverse action.  (*See* Def.'s Mem. at 16–17.)  USPS further maintains that dismissal is warranted because the complaint lacks facts that demonstrate that USPS actually rescinded the position on account of Tyson's religion.  (*See id.* at 17–18.)  In the alternative, USPS contends that the Court should enter summary judgment in its favor, because it has proffered a legitimate, non-discriminatory reason for having rescinded the position—namely, that the position announcement was posted in error.  (*See id.* at 19.)

For the reasons explained below, this Court will decline USPS's invitation to treat its pending motion as one for summary judgment at this early stage of the case, and with respect to the merits of the motion to dismiss, the Court concludes that the allegations contained in Tyson's amended complaint are sufficient to state a plausible claim for discrimination under governing D.C. Circuit precedent.  Accordingly, USPS's motion will be **DENIED**.  A separate Order consistent with this Memorandum Opinion will follow.

I.   BACKGROUND

    A.   **Relevant Facts**

According to the complaint, Tyson—who self-identifies as a Christian—was working at the government mails facility at 3300 V Street, Northeast in Washington,

2

D.C. in 2010, when Cecil Harriston, the plant manager, "approached [him] and told [him] to turn [his] gospel music down[.]" (Am. Compl. ¶ 1; *see also id.* ¶ 49.) The complaint further alleges that Tyson had "several confrontations" with Harriston "over the playing of the gospel music" (*id.* ¶ 3), and yet, according to the complaint, Harriston did not "say anything to the other employees[] who play[ed] secular music . . . in [the same] work area" (*id.* ¶ 2).

Tyson maintains that his "job was abolished on or about[] April 11, 2011," and that he "was transferred to the [Curseen-Morris Processing and Distribution Center] to continue employment" with the Postal Service. (*Id.* ¶ 3.) The complaint alleges that, following this transfer, Tyson retained "retreat rights"—that is, the right to fill a position that becomes vacant at his original facility. (Pl.'s Opp'n at 5; *see also* Am. Compl. ¶¶ 6–8.) When Tyson learned in 2014 that a mail-handler position at the government mails facility was posted due to another employee's departure (the complaint refers to this as a "new [] position" or a "retreated position" (*see, e.g.*, Am. Compl. ¶¶ 4, 14)), Tyson conferred with his union representative regarding his rights with respect to the new position, and on May 19, 2014, Tyson was allegedly "given a letter indicating[] the offer of retreat[,] which he accepted." (*Id.* ¶ 11; *see also id.* ¶¶ 4–10.) Two days later, however, Tyson was purportedly told that the new position had been rescinded. (*See id.* ¶ 12.)

Tyson subsequently made a number of inquiries regarding the rescission of the new position (*see id.* ¶¶ 12–24), and the complaint alleges that the Postmaster ultimately told him to report to the new position at the government mails facility (*see id.* ¶ 31). But when he did so, Tyson again came into contact with Harriston, who

3

allegedly told Tyson "that he had no position for [Tyson]" (*id.* ¶ 36), and instructed Tyson to report back to the Curseen-Morris Processing and Distribution Center (*see id.* ¶¶ 38–45.)

**B.     Procedural History**

On August 17, 2016, Tyson initiated the instant pro se lawsuit.  (*See* Compl., ECF No. 1.)  Tyson filed the operative amended complaint on November 28, 2016 (*see* Am. Compl.), which mooted the Postal Service's motion to dismiss his original complaint (*see* Mot. to Dismiss, ECF No. 9; Min. Order of Dec. 22, 2016).  In his Amended Complaint, Tyson alleges "that plant manager Harriston[] did not want [Tyson] employed at the government mails facility[] because while employed there previously, Tyson was playing his Gospel music and exercising his religious rights as a Christian."  (Am. Compl. ¶ 49.)  He further maintains that rescission of the position "was a direct result of plant manager Harriston['s] intervention" because Harriston allegedly "did not want [Tyson] there, exercising his religious beliefs."  (*Id.* ¶ 53.)  As relief, Tyson seeks the "out of schedu[le] pay" that he allegedly lost as a result of the rescission of the new position.  (*Id.* at 13.)

The Postal Service has moved to dismiss Tyson's amended complaint.  (*See* Def.'s Mem.)  USPS argues that Tyson's complaint contains insufficient facts, because Tyson "does not allege any facts from which to infer that his denial of a lateral transfer to the government mails facility had any effect on the terms, conditions, or privileges of [his] employment."  (Def.'s Mem. at 17.)  The Postal Service further argues that Tyson has failed to plead sufficient facts establishing the requisite causation for a religious discrimination claim; to this end, USPS characterizes Tyson's allegation that "the manager at the government mails facility did not want Plaintiff to work there because

4

Plaintiff is a Christian" as nothing more than a "legal conclusion" (*id.*), and argues that Tyson "does not even allege that [it was] the manager [who] made the decision to deny [him] a later[al] transfer" (*id.* at 18). USPS's motion is ripe for this Court's consideration. (*See* Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), ECF No. 21; Pl.'s Surreply, ECF No. 22.)[2]

## II. LEGAL STANDARDS

### A. Motions To Dismiss Under Federal Rule Of Civil Procedure 12(b)(6)

A motion under Rule 12(b)(6) raises the question of whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Supreme Court has explained that the key to making this evaluation is determining whether the allegations are sufficient to permit a "reasonable inference that the defendant is liable for the misconduct alleged[.]" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (internal quotation marks and citations omitted). In this regard, the "court must accept as true all of the allegations contained in a complaint[,]" but this tenet "is inapplicable to legal conclusions." *Harris*, 791 F.3d at 68 (quoting *Iqbal*, 556 U.S. at 678). This means that "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[2] In addition to claiming discrimination, the amended complaint also appears to allege that USPS violated "the Employee and Labor Relation Manual, Issue 26, September 2013, Section 666.12" and the Fifth and Fourteenth Amendments to the United States Constitution (Am. Compl. ¶ 48), and USPS specifically addresses the complaint's allegation that USPS had violated provisions of the collective bargaining agreement between the National Postal Mail Handlers Union and USPS in its motion (*see* Def.'s Mem. at 20–22). Tyson has since clarified that he "is not suing for a violation of the National Agreement" (Pl.'s Opp'n at 20), and USPS has therefore "withdraw[n] its argument for dismissal of that non-existent claim" (Def.'s Reply at 7 n.2). Furthermore, because Tyson has clarified that he "is suing the defendant for religious discrimination under Title VII of the Civil Rights Act of 1964" (Pl.'s Opp'n at 20), this Court will deem Tyson to have abandoned any claims brought under the Fifth and Fourteenth Amendments.

5

mere conclusory statements, do not suffice." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Notably, Rule 12(b)(6) "places th[e] burden on the moving party" to show that the complaint is legally insufficient. *Cohen v. Bd. of Trustees of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2015)). And when analyzing a motion to dismiss brought under Rule 12(b)(6), the court must limit its analysis to the four corners of the complaint, as well as any "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies[.]" *Page v. Mancuso*, 999 F. Supp. 2d 269, 275 (D.D.C. 2013) (internal quotation marks and citation omitted).

B. **Motions Styled As "Motions To Dismiss, Or In The Alternative, For Summary Judgment" In Employment Discrimination Cases**

With respect to a motion for summary judgment, the movant (here, USPS) bears the burden of "show[ing] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, it is well established that "summary judgment ordinarily 'is proper only after the plaintiff [(here, Tyson)] has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). This is largely because, when faced with a motion for summary judgment, the non-movant must point to evidence in support of his opposition, and evidence is typically the province of discovery. *See Rochon v. Lynch*, 139 F. Supp. 3d 394, 401 (D.D.C. 2015). Moreover, where a defendant has moved for summary judgment under Rule 56 as an alternative to

dismissal under Rule 12(b)(6), "the decision regarding whether or not to treat a motion to dismiss as one for summary judgment is committed to the sound discretion of the trial court[,] which means that this Court need not necessarily accede to [the defendant's] request regarding how its motion should be evaluated." *Ross v. U.S. Capitol Police*, 195 F. Supp. 3d 180, 192 (D.D.C. 2016) (internal quotation marks and citation omitted) (first alteration in original).

### C. Application Of The Governing Legal Standards To Pro Se Parties

Finally, this Court must be mindful that Tyson is proceeding in this matter pro se, and that the pleadings of pro se parties are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). That is, "even a pro se plaintiff must meet his burden of stating a claim for relief." *Horsey v. Dep't of State*, 170 F. Supp. 3d 256, 263–64 (D.D.C. 2016).

## III. ANALYSIS

### A. The Complaint Contains Sufficient Facts To State A Plausible Claim

USPS has moved to dismiss Tyson's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Tyson has failed to "allege any facts from which to infer" either that he has suffered an adverse employment action or that any actions taken against him were "because of" his religion. (Def.'s Mem. at 17.) This Court can dispose of this argument in short order, because "an employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima*

7

*facie* case to survive a motion to dismiss[.]" *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)); *see also Swierkiewicz*, 534 U.S. at 515 (holding that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits"). Indeed, the D.C. Circuit has "been clear . . . that '[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case.'" *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (second alteration in original) (quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008)).

Notwithstanding USPS's arguments to the contrary, Tyson's complaint alleges facts that, if accepted as true, state a plausible claim for religious discrimination with respect to the terms and conditions of Tyson's employment. Specifically, Tyson alleges that that he had "several confrontations" with the plant manager regarding his "playing of the gospel music" and that the same manager "doesn't say anything to the other employees, who play[] secular music . . . in [the same] work area." (Am. Compl. ¶ 2–3.) Then, after Tyson's post was abolished and he was moved elsewhere, he was allegedly offered a new position back at the government mails facility, but this offer was rescinded as "a direct result of plant manager Harriston['s] intervention" (*id.* ¶ 53), because Harriston "did not want [Tyson] back at the government mails facility" due to Tyson's Christian faith (*id.* ¶ 51). And while USPS maintains that any movement from the Curseen-Morris facility to the government mails facility was merely a "lateral" transfer that thus fails to qualify as an actionable adverse employment action under Title VII (Def.'s Mem. at 17), the character of the two positions is not immediately

evident from the face of Tyson's complaint, and it would be inappropriate for this Court to infer that Tyson is complaining about a missed opportunity with respect to a "lateral" move in resolving this instant motion to dismiss. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact.").

The bottom line is this: after construing all facts in Tyson's favor, and proceeding with the understanding that pro se complaints must be given considerable leeway, this Court finds that the complaint's assertion of religious discrimination—and, in particular, its contention that "[a]fter several confrontations[] between plaintiff and plant manager Harriston[] over the playing of the gospel music," Tyson's position was "abolished" (Am Compl. ¶ 3), and Tyson was subsequently offered a position back in that same facility (which he was entitled to as "the senior employee who left that facility" (*id.* ¶ 7)) but the offer was rescinded due to the "intervention" of the same manager who had previously confronted him about playing religious music (*id.* ¶ 53)—is sufficient to state a plausible Title VII claim.

### B. USPS's Pre-Discovery Request For Summary Judgment Will Not Be Entertained At This Time

This Court will deny USPS's invitation to accelerate the litigation process by treating its motion as one for summary judgment and considering its evidence pertaining to the purportedly legitimate reasons for the agency's rescission of the open position in the government mails facility. (*See* Def.'s Mot. at 19 (arguing, "[i]n the alternative," that USPS "has been able to establish a legitimate, nondiscriminatory reason as to why [Tyson] was not permitted to return to his old position").)

When a district court undertakes to evaluate an employer's motion for summary judgment in an employment discrimination case where the validity of an employer's proffered reason for the challenged conduct is at issue, it is clear beyond cavil that "the district court must resolve one central question: Has the employee produced sufficient *evidence* for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?" *Brady*, 520 F.3d at 494 (emphasis added). Resolution of this question necessarily turns on the evidence that *both* sides have presented regarding the factual circumstances surrounding the challenged conduct. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). Thus, it is this Court's long-held view that pre-discovery motions for summary judgment in situations such as this one—i.e., motions that seek summary judgment before the plaintiff has had the chance to gather and submit evidence related to the challenged employment decision—are seldom appropriate. *See Ross*, 195 F. Supp. 3d at 193 (noting that plaintiffs in employment discrimination cases "ordinarily must marshal the kinds of evidence that one usually can only gather during the discovery phase in order to carry their burden" of showing, pursuant to the Supreme Court's *McDonnell Douglas* burden-shifting framework or otherwise, "that the legitimate reasons the defendant has proffered are, in fact, pretextual, and that the real reason for the adverse employment action is a prohibited one") (citing *Brady*, 520 F.3d at 493–94); *see also id*. (remarking that "in this Court's view, the cases in which a plaintiff will be fairly held to the task of opposing summary judgment without first being afforded the opportunity to take discovery will be few and far between").

This Court sees no reason to depart from its ordinary practice of declining to consider an employer's evidence regarding its reasons for undertaking the challenged employment action prior to authorizing the discovery process in the instant case, *see id.* at 193–94, and USPS has provided none. Tyson will have the opportunity to gather evidence regarding the circumstances under which the alleged appointment was rescinded during discovery, and USPS will be able to renew (and potentially expand) its request for summary judgment at the conclusion of the discovery process. Consequently, USPS's present request for summary judgment is essentially tabled, and the Court has not considered the extra materials that USPS has attached to the motion.

## IV. ORDER

This Court finds that Tyson has pled sufficient facts to state a plausible claim for religious discrimination under governing Supreme Court and D.C. Circuit precedent, and the Court declines to consider USPS's arguments in support of a motion for summary judgment at this time.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for Summary Judgment (ECF No. 15) is **DENIED** without prejudice.

DATE: September 27, 2017        *Ketanji Brown Jackson*
                                                KETANJI BROWN JACKSON
                                                United States District Judge