# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


**HOWARD T. TYSON SR**

**Plaintiff**                           **CASE NO 16-CV-1678(KBJ)**


**MEGAN BRENNAN**

**Defendant**


## MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMERY JUDGEMENT


        PLAINTIFF HOWARD T. TYSON SR. OPPOSES THE DEFENDANTS MOTION TO DISMISS COMPLAINT PURSUAINT TO FED. R.CIV. P. RULE 12 (B) (6) AND 56 AND SET FORTH THE FOLLOWING REASONS WHY THE COURT SHOULD DENY THE MOTION. A FACTUAL DISPUTE EXIST WHICH CAN ONLY BE RESOLVED BY A JURY.

## THE FACTUAL DISPUTE

        THAT HOWARD T. TYSON SR. WAS DENIED EMPLOYMENT AT THE GOVERNMENT MAIL FACILITY LOCATED 3300 V. STREET N.E. WASHINGTON D.C. DUE TO HIS BELIEF AND EXERCISE OF IT, THAT HE SUFFERED INJURY SUCH AS A LOSE OF A "QUALITY" JOB AND SUFFERED MENTAL ANGUISH. SUCH CONDUCT IF PROVEN WITH PREJUDIS, VIOLATES HIS INALIENABLE RIGHTS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 . AND BECAUSE OF BEING KEPT FROM ASSUMING SUCH

RECEIVED

JUL 2 3 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

POSITION. HE WORKED AT THE PLAINT OUT OF SCHEDUALED FROM JUNE 16TH 2014 TO SEPTEMBER 8TH 2015.THIS IS THE ACCUMILATION OF THE $ 85,345.48. THAT BRANCH PRESIDENT CALVIN VINES CALCULATED.

THE DEFENDANTS ARE MOVING TO DISMISS THIS ACTION SUMMISING PLAINTIFF'S TRUTHS TO FIT THEY'RE BELIEF THAT THERE IS NO STATEMENTS OF FACTS.

THE DEFENDANT MEMORANDOM OF LAW HAS ABSOLUTELY NO FACTS DIFFERENT FROM THOSE THE PREVIOUS MEMORANDOM , AND SUMMERY JUDGEMENT HAD.  THEREFORE THIS COURT SHOULD NOT HAND A JUDGEMENT TO THE DEFENDANT ON BECAUSE THEY SAY IT DID NOT HAPPEN

## 1.
### DEFENDANT'S MEMORANDOM

### THERE IS A FACTUAL DISPUTE THAT EXIST

PLAINTIFF SHOULD NOT BE DISCRIMINATED AGAINST BECAUSE OF HIS RACE, NATIONALITY, AGE, SEX, DISABILITY OR RELIGION. AND PLAINTIFF WAS DISCRIMINATED AGAINST WHEN THE DEFENDANT HEARD THAT THE PLAINTIFF HOWARD T. TYSON SR. WAS AWARDED THE POSITION RETURNING HIM BACK TO GOVERNMENT MAIL WHERE THE DEFENDANT DID NOT WANT HIM. THE DEFENDANT HEARD FROM BRANCH PRESIDENT LAMAR GRIGSBY ON OR BETWEEN MAY 21ST , 2014 AND MAY 23RD 2014. DURING A VISIT TO THE GOVERNMENT MAILS TO SATISFY THE INQUIRING MAILHANDLERS WHO WAS QUESTIONING A POST WHICH CIRCULATED FROM THE OFFICE OF MANAGER YOLANDER SANDERS. WHEN MANAGER CECIL HARISTON HEARD THAT THE PLAINTIFF HAD RECEIVED HIS RETREAT RIGHTS, HE IMEADIATELY RECENDED THE POSITION. SEE EXIBIT #1, LINE #13, #14, #15

THE MATERIAL FACT IS, THE SAME AS IT WAS PREVIOUSLY. ARTICLE 12.B-3 EXPLICITLY STATES

PRECEEDURAL STEPS TO TAKE GOUVERNING A VACATED
POSITION. SEE EXIBIT #1.. THEY HAVE TEN DAYS TO POST THE
POSITION, ACCEPT IT BE A REVERTED POSITION.

REVERT, (MEANING) TO RETURN TO A PREVIOUS
STATE, PRACTICE OR TOPIC. RETREAT, (MEANING) TO PULL
BACK , TO FALL BACK, TO DRAW BACK. BOTH THESE WORDS
MEANS TO RETURN FROM WHENCE YEE CAME.
IF THE DECISION HAPPEN ANYTIME AFTER TEN DAYS, IT IS MOOT.
ACCEPT WITHIN THAT TIME FRAME, THIRTY DAYS TO CONFERE
WITH THE UNION, ON WHEN THE POSITION WOULD BE POSTED,
THEY DONE NEITHER. THE DEFENDANT HAVE NO EXPLINATION
WHY THEY FAILED ON THIS VITALPROCEEDURE. SEE EXIBIT #2

2.

## DEFENDANT'S PRELIMINARY STATEMENT

DEFENDANT ALSO SAYS THAT THEY POSTED THE POSITION
IN ERROR. ON THE CONTRARY,. BUT ACCORDING TO THE NPMHU
BRANCH PRESIDENT, LAMAR GRIGSBY, CALLED CHRISTOPHER
COLE ON FRIDAY MAY 16TH , 2014. AND  DISCUSSED THE
PARTICULARS.

THE PLAINTIFF KNOW THIS DUE TO RECEIVING A CALL
ON THAT SATURDAY MAY 17TH 2014  SAYING THAT MANAGEMENT
HAD AGREED TO OFFER THE PLAINTIFF HIS RETREATED
POSITION ON MONDAY THE 19TH 2014 .  ALSO, BETWEEN ,MAY 19
AND  MAY 23RD .  MR. GRIGSBY AND CATHY PARKER, VISITED
GOVERNMENT MAILS TO QUAIL A DISPUTE OVER THE
POSITION. SO THE DEFENDANT'S, MANAGER HARRISTON, WAS
ALSO THERE AT THAT TIME. THE DISCUSSION WAS ABOUT THE
POSITION.

MANAGER HARRISTON WAS ALSO QUESTIONING ABOUT
THE POST THAT MANAGER YOLANDER SANDERS HAD
CIRCULATED , ON MAY 19TH 2014.  ON POSITION # 95298122 SEE
EXIBIT # 3 . UNTIL MR. GRIGSBY, TOLD THE GROUP THAT
PLAINTIFF, HOWARD TYSON HAD RECEIVED THE POSITION, ON

REVERT THAT'S WHEN MANAGER HARRISTON IMMEDIATELY
RECINDED (MEANING REVOKED) THE POSITION SO AT BEST,
THERE IS A DISPUT WHICH ONLY A JURY CAN DECIDE.SEE EXIBIT
# 1 LINES # 14,15 .

### 3.
### FACTUAL BACKGROUND

THE CORRECTION WAS DONE IN THE ANSWER TO MR.
RAMOS FOR THE BACK GROUND. SEE ANSWER TO RAMOS.
PLAINTIFF MOVED TO V. STREET NOT IN 2010 AS RAMOSE STATES.
BUT IN DECEMBER, 2009. RAMOS NEGLECTED TO SHOW HOW
PROUD PLAINTIFF MADE THE  POSTAL SERVICE . PLAINTIFF
RECEIVED CERTIFICATE OF RECOGNITION FROM PATRICK R.
DONAHOE FEB, 16TH 1995.  CERTIFICATE OF APPRECIATION FROM
D.M. HUTCHENSON, SR. MANAGER, MARCH 8TH 1995.
CERTIFICATE OF EXCELLENCE FROM THERESA GIBBS, SR. PLANT
MANAGER IN 2002. A PLAQUE RENAMING THE BRENTWOOD POST
OFFICE TO JOSEPH CURSEEN & THOMAS MORRIS P&DC IN 2003. A
CERTIFICATE OF APPRECIATION FROM TIMOTHY HANEY,
DISTRICT MANAGER IN 2004. A CERTIFICATE OF APPRECIATION
FROM WENDY MCLIWAIN, PLANT MANAGER, SEPTEMBER 27TH
2011, FIVE MONTHS AFTER RETURNING TO THE PLANT.

THE DEFENDANT MAKES NO POINT WHEN REFERENCING
THE PLAINTIFF , BUT HE FAULTERS WHEN STATING AS A FACT
THAT THERE WERE DECLINING MAIL. IN ALL REASONING. IF
WHAT HE SAYS WAS TRUE, AND ITS NOT, PLAINTIFF WOULD NOT
HAVE BEEN EXCESS BACK TO THE PLANT , BECAUSE THERE
WERE A "NEED". (SEE EXIBIT # 6  LINE #2) THIS IS TO INFORM
YOU THAT DUE TO A "NEED". THIS MEANS THAT THERE WERE
MUCH  MAIL AT THE PLANT WHICH REQUIRED  MORE
EMPLOYEES THAN THAT WHICH WAS AT THE STATION
HOWEVER. DUE TO THE ARGUMENT THAT THERE WAS NO
MAIL. ALSO WHEN PLANTIFF RECORDED THAT POST MASTER
GERALD ROANE AND PLANT MANAGER WERE ON THE FLOOR, IT
WAS BECAUSE THERE WERE A LOLT OF MAIL DURING THE WEEK
OF MAY 21ST , 2014 THRU MAY 26TH , 2014.

4.

## PLAINTIFF REASSIGNMENT

I WANT TO THANK THE DEFENDANT FOR AGREEING WITH ME, BUT TO SAY THAT PLAINTIFF FILED THREE DAYS LATER, IS NOT A FACT. THE DAY AFTER THE INJURY I COULD NOT WALK FOR TWO DAYS. THE CA 17 WASN'T DONE UNTIL OCTOBER 27TH 2012, . THE CA 17 WAS FILLED OUT BY SUPERVISOR BARNHILL.

### 5.

## PLAINTIFF'S RETURN TO GOV.T MAIL

CHRISTOPHER COLE VARIES IN OPPINION FROM THE FACTS. PAGE #5 LINE # 10. COLE DECL. 11 . COLES STATES UNDER OATH THAT , ABOUT ONE WEEK LATTER, (I'LL ACCESS THAT TO BE MAY 27TH 2019. BECAUSE THE DATE ON PLAINTIFF'S ACCEPTANCE LETTER IS MAY 19, 2014.) COLE ATTENDED A ROUTINE MANAGEMENT MEETING WHER HE LEARNED THAT HE SHOULD NOT HAVE ISSUED THE OFFER OF RETREAT RIGHTS TO PLAINTIFF.

WHILE PLAINTIFF HAD ALREADY BEEN CALLED ON MAY 21ST , 2014, INTO MANAGER YOLANDER SANDERS OFFICE AND VERBALY TOLD BY HER, THE MAIL HANDLER POSITION HAS BEEN RECENDED (SEE SWORN AFFIDAVIT PG. #4 PAR, #13 . THESE ARE CONFLICTS OF OPPINIONS. WHO TOLD WHO WHAT ?

### 6.
## POSITION SUPPOSEDLY ELIMINATED

DEFENDANT SENT A LETTER TO LAMAR GRIGSBY AS HIS SWORN TESTIMNY, ON MAY 29TH 2014. (SEE DEFENDANT'S DECLARATION, PG,#3 PARG, #12) PLAINTIFF WOULD DRAW THE COURTS ATTENTION TO THIS FACT. POSTED MAY 12TH , 2014 SEVEN DAYS WENT BY THROUGH MAY 19TH . NOTHING MENTION

OF A LACK OF MAIL. ANOTHER SEVEN DAYS PASS, MAY 26. NO
WORD ON LACK OF MAIL .

HOWEVER, MANAGER YOLANDER SANDERS HAD
ALREADY CALLED PLAINTIFF TO THE OFFICE ON MAY 21ST 2014
TELLING PLAINTIFF "THE POSITION HAD BEEN RECENDED" ON
THAT DAY, MAY 21ST , 2014. BUT THERE WERE NO REASON, NOR A
REPORT TO BACK UP WHAT MANAGER YOLANDER SANDERS
SAID, THERE WERE NO MENTION OF A LACK OF MAIL. WHY
WASN'T MANAGER YOLANDER SANDERS DEPOSSED OR
COMPLETED A DECLARATION ? SHE IS POSIBLY THE MAIN
CHARACTER IN THIS SEQUAL.

HAD P.M. GERALD ROANE GOTTEN A COPY OF THIS
MAY 29TH LETTER. WOULD HE HAD "ENTERTAINED" PLAINTIFF
ON JUNE 9TH 2014, OUT SIDE OF BREAK ROOM #6 ? OR ON
ANYOTHER DAY DURING THE WEEK BETWEEN JUNE 9TH 2014. ON
JUNE 13TH 2014 ? THESE ARE MATTERS WHICH A JURY WOULD
NEED TO ANSWER. ON JUNE 9TH 2014. WHILE SITTING IN BREAK
ROOM #6 MANAGER GEROLD ROANE PASSED BY.

AS I WAS SPEAKING WITH MR. JAMES BADGER ON JUNE
9TH, PLAINTIFF RAN TO THE ENTRENCE AND ASKED POSTMASTER
ROANE IF HE COULD HAVE A WORD WITH HIM, HE OBLIDGED.
(SEE AFFIDAVIT PG. #7, PARAG, #26,27, #28, #29, . IN ALL, I SPOKE
WITH P.M. ROANE FOUR TIMES. THE JUNE 9TH 2014 WAS THE FIRST,
WHERE HE ASKED THAT I BRING A COPY OF THE LETTER TO HIS
OFFICE. WHEN I TOOK A COPY I BELIEVE ON JUNE 10TH,
A CAUCASIAN WOMAN NAMED, SHEILA VEGA, (SEE AFFIDAVIT,
PG, # 7, PARG, #29) WHO SPOKE WE DID NOT SEND THIS OUT.
AFTER I HAD ASKED HIM WHY DID HE REVERT MY POSITION. AND
AFTER HE HAD SAID THAT HE HAD NOT RECENDED ANYONE'S
POSITION.

P.M. ROANE WORDS FROM HIS DECLARATION, PAGE #2,
PARAGRAPH #8. I INSTRUCTED CHRISTOPHER COLE TO NOTIFY
HOWARD TYSON AND THE UNION OF THIS "REVERGION".
REMEMBER, TO "REVERT" MEANS TO GO BACK, AND THAT'S
WHAT SHOULD HAVE HAPPENED, HOWEVER THEY THINK
REVERT MEANS TO RESEND

POST MASTER ROANE, DEVIATED FROM THE FACTS. FACT, DURING THAT INTIRE WEEK FROM JUNE 9TH THRU JUNE 13, POST MASTER ROANE, AND PLANT MANAGER WENDY MCLIWAIN WERE ON THE FLOOR EVERY DAY CHECKING MAIL, BECAUSE THERE WERE A LOT OF MAIL. ONCE, AFTER JUNE 9TH, AS PLAINTIFF WAS PASSING OPERATION 150 , MANAGER MCLIWAIN SEEN PLAINTIFF APPROACHING, TURNED HER HEAD TOWARDS POSTMASTER ROANE, AND HE IMMEADIATLY, LOOKED UP AT ME, I JUST ASKED IF HE HAD DELT WITH THE LETTER, HE GAVE IT TO MR. COLE HE OPINED. I SAID SIR, THAT'S THE PERSON WHO SENT THE BOGUS LETTER IN QUESTION. HE REPLIED, " I KNOW WHAI I'M DOING. PLAINTIFF KEPT IT MOVING.

THE THIRD TIME I SPOKE WITH MR. ROANE, WAS AT THE FSS RETREAVING STATION, NO.#2. MANG. MCLIWAIN AGAIN ALERTED MY PRESENCE. I ASKED HAD THERE BEEN A CHANGE, HE SIMPLY SAID I AM STILL WORKING ON IT. THAT WAS WHERE MRS. MICHELE COFIELD OBSERVED POSTMASTER ROANE AND I SPEAKING AND WROTE A LETTER ON MY BEHALF AND SIGNED IT SEE EXIBIT # 4.

ON JUNE 13TH 2014, POSTMASTER ROANE PASSED THE BREAKROOM #6, AND AGAIN I ASKED IF I COULD SPEAK WITH HIM. AGAIN HE OBLIDGED. I SAID, SIR THE DATE JUNE 16TH IS WHEN WE'RE SUPOSSED TO GO TO OUR NEW POSITIONS. POST MASTER GEROLD ROANE, AND I QUOTE, WITH NO FEAR OF PURGERY, GERALD ROANE MENTIONED, " SINCE THE BOGUS LETTER IS IN QUESTION, REPORT TO YOUR POSITION"eq. (SEE AFFIDAVIT, PG. 7, PARG, #30.

I ASKED THIS QUESTION AGAIN. IF IN MAY , 2014, WHICE ROANE NEVER QUOTED THE DATES, THAT MR.COLES STATED, " MAY 26, 2014 FOR A MEETING. MANAGER GEROLD ROANE AS HE SAYS IN HIS DECLARATION, LINE 8. THAT HE TOLD MR. COLE, TO RECEND THE POSITION . AND HE NEVER SAID THAT HE WAS EVEN IN A MEETING WITH COLE OR ANYBODY ELSE. THERE IS NO POSIBLE TIME FRAME GIVEN TO WHAT HE SAYS.WHY ON EARTH WOULD HE EXCHANGE WORDS FIMILURE TO THE POSITION WITH PLAINTIFF, AND SAYS NOTHING TO PLAINTIFF, WHAT HE NOW SAYS HE TOLD MR. COLES ? WHY WOULD P.M. GERALD ROANE EXCHANGE ALL THE COVERSATIONS ABOUT THE POSITION WITH PLAINTIFF ON THOSE FOUR DIFFERENT DAYS, BUT NEVER SAID

TO PLAINTIFF, THE POSITION IS NOT GOING TO BE AWARDED BECAUSE THER IS NOT ENOUGH MAIL ?

ALSO, PLAINTIFF WANT TO BRING TO THE ATTENTION TO THE COURT, ON PAGE TWO OF POSTMASTERS GERALD ROANE'S 'DECLARATION" SEE ROANE'S DECLARATION, PAGE #2 . AT THE BOTTOM OF THE PAGE, POSTMASTER ROANE MADE IT CLEAR HOW HIS SIGNATURE SHOULD HAVE BEEN DISPLYED ON THE JUNE 4TH 2014 LETTER TO RESEND THE POSITION PLAINTIFF HOWARD T. TYSON SR. RECEIVED ( SEE EXBIT # . A GENUINE ISSUES EXIST. ALSO IN THE EEOC INVESTIGATED REPORT BY OSWALD BARSI , PG., 00011 OR 5 of 6, PARG, #2 LINE #6. P.M. GERALD ROANE  COPLIED, " I MET THE PLAINTIFF ONCE ON THE WORK ROOM FLOOR. THIS ESTABLISHES CONTACT BETWEEN US. HOWEVER, MICHELE COFIELD DECLARATION SHOWED THAT HE AND I MET AT THE FSS #2. AND ALSO JAMES BAGER,WHO SEEN PLAINTIFF AND GERALD ROANE SPEAK AT  BREAK ROOM #6, SEE EXIBIT #

IN DEFENDANTS EXIBIT #10 PG. 00109 or PG #2 of 12. THE QUESTION WAS ASKED BY EEOC EXAMINER OSWALD BARSI ABOUT P.M.  GERALD ROANE, QUESTION #4 WHAT IS YOUR ORGANIZATION RELATIONSHIP WITH PLAINTIFF. ANSWER, SINCE HIS CURRENT POSITION IS INSIDE THE PLANT, HE IS NOT IN MY REPORTING CHAIN. WHEN HE WAS ASSIGNED AT THE GOVERNMENT FACILITY HE WORKED WITHIN MY SCOPE OF RESPONSIBILITY. SO WHERE DOES POST MASTER GERALD ROANE FIT IN THIS EQUASION ?

7.
C.COLE DECLARATION

THE DECLARATIONOF COLES, PARAGRAPG #10, #2 SENTENCE: THIS LETTER (RETREAT ), WAS NOT A CONTRACT BETWEEN  MR. TYSON AND THE POSTAL SERVICE BECAUSE THE ADMINISTRATION OF THE MAIL HANDLER CRAFT IS GOVERNED BY THE NATIONAL AGREEMENT BETWEEN NPMHU AND THE POSTAL SERVICE. ALTHOUGH THIS IS CORRECT IT IS NOT HOW THIS WAS HANDLED.

SINCE MANAGER COLE BROUGHT THE PROCEDURE TO THE FOREFRONT. THE NPMHU RULES ON PROCEEDURES COCERNING A RETREATED OR IN THIS CASE, A "REVERTED" POSITION. NPMHU RULE OR ARTICLE. ATTENTION TO ARTICLE # 12.3-B3 = "ALL" VACANT OR NEWLY ESTABLISHED CRAFT DUTY ASSIGNMENTS SHALL BE POSTED FOR EMPLOYEE ELIGIBLE TO BID WITHIN TEN DAYS "AFTER" A DETERMINATION HAS BEEN MADE THAT THE POSITION IS NOT TO BE "<u>REVERTED</u>". Cont'.

IF A VACANT DUTY ASSIGNMENT HAS NOT BEEN POSTED WITHIN #30 DAYS, THE INSTILLATION HEAD, (CECIL HARRISTON) OR DESIGNEE SHALL " ADVISE THE UNION IN WRITING, OF THE REASON THE POSITION IS BEING WITH HELD, ( "THEY HAVE TOLD THIS COURT OVER AND OVER THAT THERE WERE A MAIL SHORTAGE") SEE COLE'S  DECLARATION, PG #3 LINE #10 DUE TO DECREASING MAIL VOLUME. (SEE P.M. GERALD ROANE'S DECLARATION PG, #1 PARG, #2 MAIL VOLUME CONTINUED THIS DOWNWARD TREND)

WHY IN THE #30 DAY PERIOD WASN'T THIS BROUGHT TO THE ATTENTION OF( SEE EXIBIT# DECLARATION OF EX BRANCH PRESIDENT FOR NPMHU, PG, #1, LINE #4,5,6,7,8, EXIBIT #1  . Cont. AND THE ANTICIPATED LEGNTH OF TIME SUCH POSITION WILL REMAIN VACANT. AND,  IF THE VACANT ASSIGMENT IS "REVERTED", MEANING, AWARDED , A NOTICE SHALL BE POSTED (SEE EXIBIT OF NOTICE #  NO REASON WAS GIVEN BY MANAGER SANDERS, BUT SHOULD HAVE SHOWED . POSITION AWARDED TO PLAINFF ) WITHIN 10 DAYS ADVISING  OF THE ACTION TAKEN AND THE REASON THERE FOR. IN ADDITION, A COPY OF THE NOTICE SHALL BE PROVIDED TO THE APPROPRIATE UNION OFFICIAL.

MR. COLE, LINE #11. USE THE WORD "REVERTED" (ELIMINATE) AS TO ERASE. THAT IS NOT WHAT TO REVERT MEANS. MR. COLE'S LINES #12 AND #13 IS UNARGUABLY WRONG BY HIS USE OF THE WORD REVERT. WEBSTER DEFINITION OF REVERT: MEANS TO COME OR GO BACK TO ( AS TO A FORMER CONDITION, PERIOD OR SUBJECT).

8.
DEFENDANT STANDARD REVIEW

## SUMMERY JUDGEMENT

DEFENDANT EXCLAIM THAT FEDERAL RULE OF CIVIL PROCEEDURE 56 (a) PROVIDES THAT SUMMERY JUDGEMENT SHALL BE GRANTED IF THE MOVANT SHOWES THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT. AND THAT THE MOVANT IS ENTITLED TO SUMMERY JUDGEMENT AS A MATTER OF LAW. THE DEFENDANT ARGUES THAT THERE IS NO GINUINE DISPUTE TO EVERY POINT IN HIS STANDARD OF REVIEW.

## GENUINE DISPUTES

PLAINTIF HOWARD T. TYSON SR. WAS AN EMPLOYEE OF THE UNITED STATES POSTAL SRVICE. ARGUED THAT THE POSTAL SERVICE DISCRIMINATED AGAINST HIM ON THE BASIS OF HIS RELIGION WHEN HE WAS RASSIGNED TO ANOTHER DUTY LOCATION. AND WAS PREVENTED FROM RETURNING BECAUSE THE RETREATED POSITION AT HIS ORIGENAL STATION WAS RECENDED DUE TO RELIGIOUS DISCRIMINATION. THE EQUALITY ACT OF 2010 SAYS. YOU MUST NOT BE DISCRIMINATED AGAINST BECAUSE YOU ARE OR ARE NOT OF A PARTICULAR RELIGION. YOU HOLD OR DO NOT HOLD A PARTICULAR RELIGION OR A PHOLOSOPHICAL BELIEF.

1.

RELIGIOUS DISCRIMINATION: ON OR ABOUT JUNE 9TH 2010 WHILE EMPLOYED AT THE GOVERNMENT MAIL FACILITY AT 3300 V. STREET N.E. WASHINGTON D.C. PLAINTIFF WAS APPROACHED BY PLANT MANAGER HARRISTON AND TOLD TO TURN HIS GOSPEL MUSIC DOWN. BECAUSE IT WAS DISTURBING HIS WORK OUT HERE AT THE DESK. I INFORMED HIM THAT HE WAS GIVEN AN OFFICE IN THE REAR OF THE BUILDING AWAY FROM ANY DISTURBANCE ON THE FLOOR. THIS WAS NOT OUT OF MALICE, IT WAS A FACT. HE WALKED AWAY. MANERAGER HARRISTON NEVER ATTEMPTED TO WRITE A LETTER OF WARNING BECAUSE PLAINTIFF NEVER WERE DISRESPECTFUL.

AND NOBODY, NOT EVEN SUPERVISOR ARSHA DAVICE, NOT THE
204-B MR. BAXTER. THEY WERE THER DAILY.  NO ONE EVER
REPORTED BEING DISTURBED BY THE VOLUME THE MUSIC
BEING PLAYED. THE DEFENDANT HAS NOT ONE WITNESS. IT WAS
BECAUSE PLANT MANAGER CECIL HARRISTON,JUST DID NOT
LIKE THE PLAYING OF THE GOSPEL MUSIC.

2.

PLANT MANAGER HARRIOSTON APPROACHED PLAINTIFF
ON SEVERAL OCCASION AFTER. PLAINTIFF LET IT BE MADE
KNOWN , HE DOESN'T SAY ANY THING TO OTHER EMPLOYEES
IN HIS OPPORATION. WHO PLAYS SECULAR MUSIC. SEE EXIBIT
#5 . IN FACT THE ONLY OTHER PERSON WHO HAD PROBLEMS AS
I, LISTENING TO GOSPEL MUSIC THAT I KNEW OF  WAS A FEMALE
WHO WORKED IN ANOTHER SECTION. SEE EXIBIT #18 . THE
DEFENDANT CLAIM  THE PLAINTIFF'S PENTICOSTAL RELIGION
WASN'T A REASON FOR DEFENDANT ELIMINATING THE POSITION.
IT DOESN'T MATTER THE TITLE OF RELIGION. THE EQUALITY
ACT 2010, TAKE  AWAY THE GUEST WORK IN DISTIGISHING A
TITLE. JUST THAT HE KNEW. WHEN THE CFC, THE CONBINED
FEDERAL CAMPAGN, CAMETO THE GOVERNMENT MAIL
FACILITY. WHO HAD USED ME TO EARN OVER $600 THOUSAND
DOLLARS IN 1995. THEY HAD ME SING THERE DECEMBER 2009.
AFTER THAT, WHILE HE NEVER HAD ANYTHING TO SAY. ALL OF A
SUDDEN IN 2010 THE HARASSEMENT STARTED. WHICH LEAD UP
TO PLAINTIFF HAVING THE POSITION PLOTTED AWAY.

JUST THE FACT THAT PLAINTIFF PLAYED RELIGIOUS
MUSIC. THE EQUALITY ACT 2010 SAYS  YOU MUST NOT BE
DISCRIMINATED AGAINST  EVEN BY PERCEPTION. NOBODY IN
THE BUILDING COMPLAINED ABOUT THE MUSIC BEING LOUD
AND THERE IS NOT ONE WITNESS WHO COULD TESTIFY
DIFFERENTLY. BUT THERE ARE OTHERS WHO TESTIFIES ON
BEHALF OF THE PLAINTIFF THAT HE WERE DISCRIMINATED ,
PICKED ON AND HARRASSED BY MANAGER CECIL HARRISTON.

3.

AFTER SEVERAL CONFRONTATION, BETWEEN PLAINTIFF
AND PLANT MANAGER HARISTON, ON THE LISTENING TO THE

GOSPEL MUSIC . PLAINTIFF'S JOB WAS EXCESSED TO THE PLANT ON A NEED, BUT WE WERE TOLD THAT IT WAS ABOLISHED , IT WASN'T. THERE WERE NOTHING IN THE EXCESSED RETREAT RIGHTS LETTER THAT SAID FOR A LACK OF MAIL VOLUME IN THE GOVERNMENT SECTION OR PLANT.

IN FACT IF THERE WAS A NEED AT THE PLANT, IT SHOULD BE SAFE TO SAY THAT THERE WERE PLENTY OF MAIL THERE. SEE EXIBIT #6  LINE #2. (NOTE:POST MASTER GEROLD ROANE SIGNATURE ON RETREAT LETTER BOTTOM LEFT. IF HE KNOWS THAT HIS SIGNATURE IS REQUIRED AFTER A TYPED NAME WAS PRINTED, FOR HIS MAIL TRANSACTIONS, IT WOULD ALSO BE NEEDED FOR CHROSTOPHER COLE'S USE, ACTING ON HIS BEHALF, PERTAINING TO THE BOGUS RECENDED LETTER. EXIBIT # 7,  UPON RECEIVING SUCH REMITENCE, MANAGEMENT PRESUMED PLAINTIF WOULD GO AWAY.

4.

A NEW MAIL HANDLER POSITION WAS POSTED ON MAY 12TH , 2014. THE JOB SHOULD NOT HAVE BEEN POSTED. BECAUSE IT WAS A CONVERTED BID AS ARTICLE 12-3-3B ON SEE EXIBIT # 2 STATES THEY DEPRIVED PLAINTIFF OF HIS RIGHTFUL POSITION AND HERES HOW. P.M. ROANE AND MANAGER HARRISTON WAS RESPONSIBLE FOR THAT REVERTED POSITION SPOKEN OF ABOVE, TO FOLLOW ARTICLE 12-3-B3, BUT MORE SO MANAGER HARRISTION, IT'S WAS  HIS INSTELLATION.

AFTER LAMAR SPOKE WITH CHRISTOPHER COLE, THEY, HE OR YOLANDER TALKED TO MANAGER HARRISTON ABOUT IT. THEY DECIDED TO GIVE PLAINTIFF THE POSITION, HOWEVER, WHILE SANDERS  OFFERED PLAINTIFF THE POSITION, SEE EXIBIT #12. AT THE SAME TIME SHE HAD HER SECRETARY TO WRITE THAT POST SAYING , POSITION # 95298122 WILL NOT BE "AWARDED" SEE EXIBIT #11.THIS IS,AN ACT OF DECEPTION.

18 U.S. CODE 1001, EXCEPT AS OTHERWISE PROVIDED IN THIS SECTION, WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF THE EXCUTIVE, LEGISTATIVE, OR JUDICIAL BRANCH OF THE GOVERNMENT OF THE UNITED STATES, (1.) KNOWINGLY AND WILLFULY- FALSIFIES, CONCEALS, OR COVER UP BY A TRICK, SCHEME, OR DEVICE, AND (2) MAKE ANY MATERIALLY FALSE, FICTITIOUS, OR FRAUDULANT STATEMENT

OR REPRESENTATION; OR (3) MAKE OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY MATERIALLY FALSE, FICTITIOUS, OR FRAUDULENT STATEMENT OR ENTRY; SHALL BE FINED UNDER THIS TITLE, IMPRISONED NOT MORE THAN 5 YEARS. AND THE POSTAL SERVICE IS PART OF THE EXCUTIVE BRANCH, SO THERE IS JURIDICTION. SEE EXIBIT #7, AND EXIBIT #8

OM MAY 21ST 2014, MANAGER SANDERS CALLED PLAINTIF INTO THE OFFICE AND VERBALLY TOLD PLAINTIFF THAT THE POSITION WAS RESENDED. SEE AFFIDAVIT PG. #4 PARG, #16 . SO MNG. SANDERS ON ONE HAND GIVING PLAINTIFF HIS REVERTED POSITION WHILE ON THE OTHER HAND TOOK IT AWAY WHEN SHE POSTED INFORMING THAT POSITION #95298122, WILL NOT BE AWARDED, THAT MENT PLAINTIFF AS WELL. ELSE, SHE WOULD HAVE PLACED AWARDED TO MAIL HANDLER HOWARD T. TYSON SR, ON THAT POST.

MR. OSWALD BARSI , WHILE DURING THE EEOC'S INVESTIGATION, HE DISCOVERED  THAT THE POSITION, #95298122, WHICH WAS OPENED FROM MAY 12TH , 2014 THROUGH MAY 21ST , 2014, WOULD NOT BE AWARDED. WAS RECENDED THAT DAY. SEE EXIBIT #(investigated summery) #00011, pg 6of 8. FURTHER REFERENCES (Is)

5.

IN DEFENDANTS MOTION FOR SUMMERY JUDGEMENT HE WRITES, WHERE NO GENUINE DISPUTE EXIST, AS TO ANY MATERIAL FACT, SUMMERY JUDGEMENT IS REQUIRED AND QUOTES ANDERSON, 477 U.S. 242. A GENUIN ISSUE OF MATERIAL FACT IS ONE THAT COULD CHANGE THE OUTCOME OF THE LITIGATION.

THE PREMA FACIE OF PLAINTIFF'S CASE HASE BEEN

ESTABLISHED ACCORDINGly  AS IN THE MEMORANDOM OF OPINION BY THE COURT. DATED 9/27/2017 PG,#8 IN THE ORDER ON PG, #11 THE COURT AGREED THAT TYSON  HAS PLED SUFFICIENT

FACTS TO STATE A PLAUSIBLE CLAIM FOR RELIGIOUS
DISCRIMINATION UNDER GOVERNING SUPREME COURT AND D.C.
CIRCUIT PRESEDENT AND DECLINED THE USPS ARGUMENT.

MANAGER HARRISTON, VIOLATED PLAINTIFF'S CIVIL
RIGHTS WHEN HE HARASSED PLAINTIFF ON SEVERAL
OCCATIONS IN 2010 , BECAUSE HE DID NOT WANT TO HEAR THE
GOSPEL BEING PLAYED AT 3300 V ST. N.E. WASHINGTON DC.
OTHER MEN PLAYED WORLDLY MUSIC, WHERE MANAGER
HARRISTON SAID NOTHING TO THEM ABOUT IT. SEE EXIBIT # . HE
BOTHERED ONLY THE PEOPLE WHO PLAYED GOSPEL MUSIC. SEE
EXIBIT # . IN THE GOVERNMENT MAIL FACILITY LOCATION.
THEN IN 2014 WHEN HE FAILED TO FOLLOW THE RULES OF THE
AGREEMENT BETWEEN THE UNITED STATES POSTAL SERVICE
AND THE NPMHU'S ARTICLE 12-3-B3. SEE
EXIBIT # . HAS CAUSED ALL OF THE MANY CONTROVERCIAL
OPIONS. THIS IS MORE THAN A PLAUSIBLE SUMMERY OF WHAT
ACCTUALLY HAPPENED.

THEN HE HAS SHIFTED FACTS AND TRUTHS
THROUGHTOUT THE POSTING TERM . YOU CAN SEE THE TWISTS
AND TURNS , AND HOW THEY ARE WOVEN THROUGHOUT
MANAGEMENT. DURING THE EEOC INVESTIGATION,SEE EXIBIT #
8 , IN PAR, #4, LINE #7. MANAGER HARRISTON TESTIFIED, THAT HE
CALLED POST MASTER ROANE ON MAY 16TH , 2014. WHO DENIED
TELLING THE PLAINTIFF TO REPORT TO THE GOVERNMENT
MAILS FACILITY.

MANAGER HERRISTON STATED THAT "HE LATER FOUND
OUT THAT A MAIL HANDLER JOB AT THE GOVERNMENT MAILS
FACILITY THAT THE PLAINTIFF HAD RETREAT RIGHTS TO WAS
POSTED IN ERROR", THIS WAS DONE ON JUNE 16TH , 2014.
HOWAVER, ON OR ABOUT ,MAY 21ST , AND MAY 23RD .

SENIOR STEWARD LAMAR GRIGSBY AND CATHY PARKER
WENT TO THE GOVERNMENT MAIL FACILITY WERE THE
EMPLOYEES WERE WITH MANAGER HARRISTON DISCUSSING THE
POST THAT MANAGER SANDER POSTED WITH NO EXPLINATION.
AFTER LAMAR EXPLAINED TO THE EMPLOYEES AND MANAGER
HARRISTON, THAT PLAINTIFF WAS AWARDED THE POSITION,  HE
THEN TERMINATED THE POSITION ON THAT DAY. THAT'S WHAT
STARTED THE BALL ROLLING WITH HIM. SEE EXIBIT #1, LINE # 14.

MANAGER HARRISTON KNEW THE JOB WAS AVAILABLE ON JANUARY 31ST, 2014 WHEN JOHN GIBSON RETIRED ON THAT DAY. WHY DIDN'T MANAGER HARRISTON, AT TEN DAYS AFTER GIBSONS RETIRMENT, AS THE NPMHU ARTICLE 12-3-3B , AN ESTABLISHED AGREEMENT, HONOR PLAINTIFF'S REVERTED AGREEMENT GIVEN TO PLAINTIFF ON MARCH 25, 2011? PLAINTIFF SUGGEST HE DID NOT WANT TO. ALSO IN PARAGRAPH #5, SEE EXIBIT # , PROVIDED HIM ACKNPOWLEDGING HE UNDERSTOOD THE RETREATED OR REVERTED RIGHTS PROPER HANDLING.

9.

## DEFENDANT'S ARGUMENT

DEFENDANT SAYS THE UNDISPUTED FACTS DEMONSTRATE THAT THE DEFENDANT POSTED A JOB VACANTCY FOR A MAIL HANDLER POSITION AT THE GOVERNMENT MAILS FACILITY AND INVITED PLAINTIFF TO MAKE A SELECTION AS TO WHETHER HE WANTED TO EXERCISE HIS RIGHT. DEFENDANT SAYS THERE IS NO DISPUTE THAT DEFENDANT THEN REALIZED THAT THE POSITION WAS A MISTAKE BECAUSE THE JOB WAS NOT SUPPOSED TO BE FILLED AND THE AGENCY ELIMINATED THE JOB VACANCY. THE DEFENDANT HAS NO UNDISPUTED FACTS. EVERY ARGUMENT THAT THE DEFENDANT HAS PRODUCED THROUGH MANAGEMENT IS QUESTIONABLE, EVEN BOURDERS ON THE FRINGE ON CONSPIRACY. 18 U.S.C. 371. CIVIL RIGHTS VIOLATION.

CONCERNING FEDERAL RULE 26(a) (1) (B). DEFENDANT REQUESTED MEDICAL RECORDS WHICH HE RECEIVED FROM PLAINTIFF'S ATTORNEY. AND FROM THE LOOKS OF THIS TRUTH, ELLECTED TO NOT ENTER MENTAL AND PHYSYCAL RECORDS OF SAID PLAINTIFF. THIS HARDLY IS A REASON FOR PLAINTIFF'S RECORDS TO BE EXCLUDED.

## UNDISPUTED FACT

ON MAY 21ST ,2014, MANAGER SANDERS CALLED PLAINTIFF INTO HER OFFIC , WHERE SHE HAD ON MAY 19TH ,2014 GIVEN

PLAINTIF, CHRISTOPHER COLE'S, OFFER OF THE POSITION. SHE VERBALLY VOICED ON THAT DAY MAY 21ST , 2014. THE POSITION HAS BEEN RECENDED. SEE AFFIDAVIT, PG, #4 PARG, #13. A UNDISPUTED FACT

QUESTION. DID MANAGER YOLANDER SANDERS KNOW SOMETHING ABOUT REVERTING THE POSITION ON MAY 21ST , 2014, ALMOST A WEEK THAT , MANAGER HARRISTON, MANAGER CHROPHER COLE, AND POST MASTER GERALD ROANE DISCOVERED IN THE MANAGERS MEETING THAT CHRISTOPHER COLE AND POST MASTER GERALD ROANE DECLAIRED HAPPENED (7) SEVEN DAYS AFTER, IN THEIR DECLARATION ? THIS IS A UNDISPUTED FACT, WHICH CANNOT BE EXPLAIN AWAY BY THE CASE LAW NOR THE SUPREAM COURT. ONLY A JURY IN THIS PARTICULAR CASE.

ON PAGE 13 PARAGRAF #2. DEFENDANT SUGGEST THAT PLAINTIFF ARGUES THAT HE EXERCISED AND ACCEPTED HIS RETREAT RIGHTS . BUT WAS NOT GRANTED HIS POSITION, DEFENDANT SUGGESTED THAT PLAINTIFF TESTIFIED THAT THE "EMPLOYMENT BENEFIT" THAT WAS LOST WAS 1.) LESS STRESS, 2.) LESS HARRASSMENT, AND 3.) HAVING TO DEAL WITH LESS PEOPLE. BUT THEIR WERE ALSO AS STATED BUT STATES THIS POSITION IS NOT LOGICAL.

WHAT IS LOGICAL IS THAT PLAINTIFF WAS NOT AWARDED THE POSITION BECAUSE MANAGER HARRISTON DID NOT WANT PLAINTIFF TO ENJOY THE FRUITS OF PLAINTIFF'S LABOR BACK AT THE GOVERNMENT FACILITY. THIS POSITION WAS A DREAM POSITION. THAT'S WHY ON OR BETWEEN MAY 21ST ,2014, AND MAY 23RD , 2014. SHOP STEWARD LAMAR GRIGSBY AND CATHY PARKER HAD TO VISIT GOVNT. MAILS TO QUAIL PROBLEMS THAT EMPLOYEES HAD WHEN THEY UNDERSTOOD THEY COULD NOT BID ON THE POSITION. "EVERYBODY WANTED THIS POSITION". AND CECIL HARRISTON WAS THERE IN THAT DISCUSSION AND THE POSITION AT THAT TIME HAD NOT BEEN RECENDE. UNTIL CECIL HARRISTON WAS TOLD BY LAMAR GRIGSBY THAT THE POSITION BELONGED TO PLAINTIFF. SEE EXIBIT# PARG, #1

DEFENDANT PERSIST THAT MANAGER HARISTON DID NOT KNOW PLAINTIFF WAS GOING TO SHOW UP PG, 13, PARG, #2. WHO

KNOW WHY POSTMASTER GERALD ROANE NEGLECTED THE
RESPONSIBILITY TO IMFORM MANAGEMENT ABOUT HIS
DECISION. THIS IS ONE OF THE BIGGEST PROBLEM OF A FACILITY
OF THIS MAGNATUDE. A FAILURE TO COMMUNICATE.

10.

THE DECLARATION OF POST MASTER GERALD ROANE
FILED, 6/28/2019. THIS IS ALMOST 5 YEARS AGO. POSTMASTER
ROANE WROTE, IN MAY OF 2014, I BECAME AWARE THAT
CHRISTOPHER COLE, SUPERVISER, CUSTOMER SERVICE SUPPORT
HAD ISSUED AN OFFER OF RETREAT RIGHT LETTER TO HOWARD
TYSON, DATED MAY 19TH , 2014. FOR A MAIL HANDLER POSITION #
95298122. I INFORMED CHRISTOPHER COLE, THAT THIS LETTER
SHOULD NOT HAVE BEEN SENT B ECAUSE THE POSITION WAS
BEING REVERTED, ( REVERT MEANS TO GO BACK TO ITS FORMER
POSITION, OR PLACE). I INSTRUCTED CHRISTOPHER COLE TO
NOTIFY HOWARD TYSON AND THE UNION OF THIS REVERSION.
HE REMEMBERED THIS FROM FIVE YEARS AGO.

TWO MONTHS LATTER DURING THE EEOC
INVESTIGATION BY OSWALD BARSI, PAGE #00110 or PAGE 3 of 12.
POSTMASTER GERALD WAS ASKED, QUESTION #11,  WHAT
POSITION WAS THE PLAINTIFF  TRYING TO REVERT TO? GERALD
ROANE ANSWED: "I DON'T KNOW". SEE EXIBIT #9, PARG, #11.
EVEN WHEN PLAINTIFF ASKED POST MASTER GERALD ROANE,
ALMOST A WEEK AFTER RECEIVING THE JUNE 4TH LETTER,
WHICH GERALD ROANE NOW,  SAYS IN HIS DECLARATION, THAT
HE GAVE CHRISTOPHER COLES INSTRUCTIONS TO SEND HOWARD
TYSON AND THE UNION A LETTER RECENDING THE POSITION IN
MAY 2014. PLAINTIFF SUGGEST THAT GERALD ROANE HADN'T A
CLUE AS TO WHAT WAS GOING ON, WITH THE POSITION  DURING
THE INTIRE 2014 YEAR. SO HE MOST LIKELY WAS JUST BROUGHT
UP TO THE KNOWLEDGE OF THE POSITION SITUATION,
RECENTLY. THESE ACTSA ARE WILLFUL AND MALICIOUSLY
DONE TO DECEIVE

IN  PLAINTIFF'S ORIGINAL COMPLAINT. DATED AUGUST
8TH 2016. SEE PAGE #9, #2ND  PARG. PLAINTIFF WROTE THE
CONVERSATION BETWEEN HE AND POST MASTER ROANE.  IN
PLAINTIFF'S AMMENDED COMPLAINT PAG, #7 PARGS, #28, AND #31,

THE ACCURACY SHOWN THAT POSTMASTER GERALD ROANE SHOWED NO KNOWLEDGE OF THE POSITION, NEITHER HAD HE ORDERED CHRISTOPHER COLE TO REVERT THE POSITION BY JUNE 9TH 2014 AS WE SPOKE, ELSE HE WOULD HAVE MADE IT KNOWN. SO BOTH CHRISTOPHER COLE AND POSTMASTER GERALD ROANE CANNOT USE THEIR DECLARATIONS NOR THEIR TESTAMONY.

IN THE INVESTIGATIVE REPORT ON 8/26/2014. PAGE 00109 or PAGE #2 of 12, THE QUESTION OSWALD BARSI ASKED, WHO WAS IT THAT INSTRUCTED PLAINTIFF NOT TO REPORT TO HIS RETREATED POSITION. POST MASTER GERALD ROANE ON LINE #5 ANSWERED I MET MR. TYSON ONCE. HE APPROACHED ME A I WAS WALKING ON THE WORK ROOM FLOOR AND ASKED ME SOME QUESTIONS ABOUT A MATTER. I REFERED HIM TO A MEMBER OF MY STAFF. SEE EXIBIT #10 LINE #5. PLANTIFF HAS MENTIONED THE CONVERSATIONS SEVERAL TIMES, HOWEVER; FOR HIM TO NOT CLARIFY THE EXACT EXTENT OF THE CONVERSATION IS MISLEADING. IT'S AVOIDING A CLEAR ASSIST TO THE COURT, HIDING THE FACTS. THE FACT IS THERE WERE MORE THEN ONCE THAT THE POSTMASTER AND PLANTIFF DISCUSED THE BOGUS LETTER. IN THE PLAINTIFF'S PRE MOTIONS ANF AFFIDAVITS.

11.

DEFENDANT SUGGESTSPLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES BASED ON 42 U.S.C. 1981a(b)(1) (A. THAT COMPENATORY ALONE IS RECOVERABLE. BUT ACCORDING TO 22-1840, CIVIL ACTION. IN A CIVIL CASE. THE PLAINTIFF CAN ASK FOR PUNITIVE DAMAGES. PUNITIVE DAMAGES IS AWARDED TO PUNISH DEFENDANTS FOR THEIR EGREGIOUS CONDUCT, AND TO DETER DEFENDANTS AND OTHERS FROM ENGAGING IN SIMULAR BEHAVIOR. EXXON VALDEZ 270 F.3d 1215, (9th Cir. 2001 MONELL v. DEPT. OF SOC. SER. OF CITY OF N.Y., 436 U.S. 658 (1978 STATE FARM MUT. AUTO. INS. Co. v. CAMPBELL, 538 U.S. 408, 416-18 92003). ANDREW F. POPPER, IN DEFENCE OF DETERRENCE, 75 ALB. L. REV. 181 (2012.

12.

DEFENDANT IN THE RETREAT POSITION SAID NOTHING

ABOUT A SHORTAGE OF MAIL FOR PLAINTIFF BEING ASSIGNED
TO THE PLANT. IT EMPHATICALLY QUOTED A NEED. PLAINTIFF
RECALLS THE VOLUME OF MAIL WAS SO LARGE THAT,
OVERTIME WAS AVAILABLE. IN FACT, PAY STUB
OF PLAINTIFF FOR , 2011 SEE EXIBIT #24. PLAINTIFF DOUBLED HIS
EARNINGS FOR THE MONTH OF OCTOBER 2011, THE SAME YEAR
THAT DEFENDANT SAID THE VOLUME OF MAIL WAS DROPPING.
ALSO 2012, SHOWS PLAINTIFF WORK ONE PAY PERIOD, #22-12, FOR
17.05 HOURS FOR OVERTIME,FOR A TOTAL OF $653.83. SEE
EXIBIT#17. PAY PERIODS#04-15 EXIBIT #14, PAY PERIOD #05-15,
EXIBIT #15, PAY PERIOD 08-15 EXIBIT#13, PAY PERIOD 19-15, EXIBIT
#16, THESE LAST FOUR FOR A TOTAL OF $653.44 DOLLARS OF
OVERTIME. PLAINTIFF WORKED OVERTIME FROM ARRIVAL IN
2009, AT GOVERNMENT MAIL. AND AFTER RETURNING TO JOSEPH
CURSEEN THOMAS MORRIS P&DC.


ALSO, HERE ARE PAY PRINT OUT SHEETS FOR
EMPLOYEE KAREN E. MCMILLAN. EID: # 01172936  WHO WORKED
OVER TIME IN 2014 AND ALSO 2015. SHOWING THAT THE UNITED
STATES POSTAL SERVICE WERE NEVER SHORT OF MAIL, AS POST
MASTER GERALD ROANE AND CHRISTOPHER COLE AND
MANAGER CECIL HARRISTON CONTENDS IN THEIR
DECLARATIONS. HERE ARE THE CONTROVERSIES THEY STIR UP
SAYING THAT THE MAIL VOLUME WAS DWINDLING. SEE EXIBIT
#19. WHICH SHOWS ONE HOW TO READ THE EMPLOYEE PRINT
OUTS, SUBSIQUINT EXIBITS # 20, EXIBIT #21, EXIBIT #22. THESE
ARE DISSENSIONS, DISSENT, DISAGREEMENT ALL THROUGHOUT
THE DEFENDANTS ARGUMENT. AN EMPLOYEE NAME, PAUL
HEADEN. MADE THOUSANDS OF DOLLARS FROM 2011 UPWARDS.

WHO WORKED DOUBLE FIGURED OVERTIME THROUGHT OUT
2011, 12, 13, AND SO ON THE POST OFFICE COULD NOT HAVE
PEOPLE WORKING EXCCESIVE OVERTIME WITHOUT HAVING A
LARGE MAIL VOLUME. THERE ARE EMPLOYEES THERE WHO
WERE DOUBLING THEIR SALERIES WORKING OVERTIME.


13.


DEFENDANT'S STATEMENT OF 23 UNDISPUTED FACTS, ARE
NOT ALL UNDISPUTED.  HERE IS WHY, THERE IS NO ARGUMENT

WITH STATEMENTS WITH NUMBERS, 1,2,3,4,5,6,7,8, 14,15, 17, 20
AND 21. NEED NOT TO BE DISPUTED. HOWEVER; CONTROVERSIES
LOOMS HUGE OVER THESE SINGLE ENTRIES. NUMBERS 9,
10,11,12,13,16, 18, 19,22 AND 23.

#9, 10,11,12 AND #13  LEADING TO AND TOWARDS THE MAY
29TH SUPPOSED LETTER TO LAMAR GRIGSBY. DEFENDANT COLE
HAD WRITTEN THROUGHOUT THE PROCESS, SAYING HE SENT
THE ACCEPTANCE LETER TO PLAINTIFF. THE DEFENDANT
TESTIFIED THAT AFTER A MEETING, WHERE HE FOUND OUT
THAT HE MADE A MISTAKE GIVING PLAINTIFF THE RETREAT
RIGHT. BUT THEN ON MAY 29TH 2014. HE WRITES A LETTER
SUPPOSING TO DISMISS THE POSITION, BUT NEGLECTED TO SEND
ONE COPY OF THE MAY 29TH 2014 LETTER TO THE PLAINTIFF ?

PLAINTIFF ARGUES THAT SUCH LETTER WAS NOT
MANUFACTURED UNTIL THE EEOC INVESTIGATION COMMENCED
UPON HIM. THAT'S WHERE PLAINTIFF LEARNED OF SUCH
LETTER. AND IT WAS ALSO DONE TO SUPPRESS THE FACT THAT IT
WAS MANAGER HARRISTON'S ACTIONS THAT CAUSED THIS. SEE
AFFIDAVIT, PG,#12, PARG, #53.

NUMBER #16,   DEFENDANT CECIL HARRISSTON
VERBALLY STATED TO PLAINTIFF THAT, THEY SAID
PLAINTIFFSHOULD RETURN TO THE PLANT. PLAINTIFF ASKED
WHO WERE THE THEY THAT SAID THAT ? CECIL HARRISTON
SAYS, " I AM THE PLANT MANAGER AND I AM TELLING YOU TO
RETURN BACK TO THE PLANT" . SEE AFFIDAVIT PG, #10, PARG, #
44. AFTER HEARING THAT PLAINTIFF RETURN TO THE PLANT. SO
BY THIS POSIBLE FACT ALONE, SHOWS THAT IT WAS PLANT
MANAGER CECIL HARRISTON ALL ALONE.

NUMBERS #18, NO PLAINTIFF WAS INJURED NONE
THE LESS. WHEN PLANT MANAGER CECIL HARRISTON
INSTRUCTED PLAINTIFF TO RETURN TO THE PLANT. THOSE WERE
THE WORDS WHICH SEVERED THE POSITION FROM THE
PLAINTIFF. ACCORDING TO BRANCH PRESIDENT LAMAR
GRIGSBY, ONCE PLAINTIFF SIGNED THE LETTER OF ACCEPTANCE
AND REPORTED , SEE EXABIT #23, PARG, #3.

DEFENDANTS #19, 20, 22,  AND #23 ARE OF NO
SIGNIFICANCE , ACCORDING TO THE EQUALITY ACT OF 2010

BECAUSE OF " BELIEF". IN THE EQUALITY ACT RELIGION OR
BELIEF CAN MEAN ANY RELIGION, SU UNFORTUNATELY, IT
DOESN'T MATTER WHAT THE DEFENDANT THOUGH WHEN
PLAINTIFF ACCUSED THE DEFENDANT OF RELIGIOUS
DISCRIMINATING.

## STANDARD OF REVIEW

A RULE 12 (b) (6) MOTION TESTS THE LEAGAL SUFFICIENCY
OF A COMPLAINT. IN RULING ON A MOTION TO DISMISS OR
SUMMERY JUDGEMENT, THE COURT MUST CONSTRUE THE
COMPLAINT IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF
AND MUST ACCEPT AS TRUE ALL FACTUAL INFERENCES DRAWN
FROM THE WELL- PLEADED FACTUAL ALLIGATION.  JOVANOVIC
v. US-ALGERIA Bus. COUNCIL, 561 F.Supp. 2d.103. 101 (D.D.C. 2008)
IN BELL ATLANTIC Corp. v. TWOMBLY, SUPREME COURT
CLARIFIED THE STANDARD OF PLEADING THAT PLAINTIF MUST
MEET IN ORDER TO SURVIVE A MOTION TO DISMISS UNDER RULE
12 (b) (6). THE COURT NOTED THAT " FEDERAL RULE OF FEDERAL
OF CIVIL PROCEEDURE 8 (b)(2) REQUIRES ONLY A SHORT AND
PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER
IS ENTITLED TO RELIEF.
PLAINTIFF CONTEND THAT HIS COMPLAINT CONTAINS
SUFFICIENT, FACTUAL MATTER, ACCEPTED AS TRUE, TO STATE A
CLAIM TO RELIEF THAT IS PLAUSIBLE ON FACE. ASCROFT v.
IQBAL, 556 U.S. 662 (2009). WHERE THERE IS NO GENUINE DISPUTE
AS TO ANY MATERIAL FACT AND THE MOVANT IS ENTITLED TO
JUDGEMENT AS A MATTER OF LAW, SUMMERY JUDGEMENT IS
WARRENTED BY RULE 56 (a) OF THER FEDERAL RULE OF CIVIL
PROCEEDURE. ANDERSON v.  LIBERTY LOBBY, INC. 477 U.S. 242, 247-
48 (1986).  HOWEVER A GENUINE ISSUE OF MATERIAL FACT IS ONE
THAT WOULD CHANGE THEW OUTCOME OF THE LITIGATION.
ANDERSON, 477 U.S. At. 248 . IN THIS PARTICULAR CASE MATERIAL
FACTS ARE IN DISPUTE . THE EYE WITNESS TO THE CHARGES
LEVELED AGAINST THE DEFENDANT.

## IN CONCLUSION

FOR ALL THE REASONS STATED THRU OUT THIS DRAFT,
THIS COURT SHOULD  DENY AND DISMISS THE DEFENDANT'S
MOTION OF SUMMERY JUDGEMENT.

# CERTIFICATE OF SERVICE

      PLAINTIFF CERTIFY THAT A COPY  WAS SERVED TO THE
DWFENDANT OFFICE AT 555 4TH STREET N.W. WASHINGTON D.C.
ON JULY 22, 2019 BY U.S. FIRST CLASS MAIL. OR HAND DELIVERED.

PAUL CIRINO
555 4TH ST, N.W.
WASHINGTON D.C.
        20530

HOWARD T.TYSON SR.
12018 LONG RIDGE LN
BOWIE MD, 20715
202-431-1764