UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWARD T. TYSON SR.

    Plaintiff

V.                                    case No 16-cv-1678(KBJ)

MEGAN BRENNEN

    Defendant

## SWORN AFFIDAVIT OF HOWARD T.TYSON SR.

COMES NOW HOWARD T. TYSON SR., BEING DULY SWORN STATES.

1.

THAT I AM THE AFFIANT AND I AM COMPITENT TO TESTIFY IN THIS MATTER BEFORE THIS COURT.

**RECEIVED**

JUL 2 3 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2.

ON OR ABOUT JUNE 9TH, 2010, WHILE EMPLOYED AT THE GOVERNMENT MAIL FACILITY, V STREET N.E. WASHINGTON DC I WAS APPROACHED BY PLANT MANAGER HARRISTON, AND TOLD TO TURN MY GOSPEL MUSIC DOWN, WHICH WAS PLAYING ON MY RADIO. I INFORMED HIM THAT HE WAS GIVEN AN OFFICE TO THE REAR OF THE BUILDING, AWAY FROM ANY DISTURBANCE ON THE FLOOR.

3.

PLANT MANAGER HARRISTON APPROACHED ME ABOUT MY GOSPEL MUSIC ON SEVERAL OCCASIONS. I ALSO INFORMED HIM THAT HE DOESN'T SAY ANYTHING TO THE OTHER EMPLOYEES WHO PLAYS THEIR SECULAR MUSIC, ALSO IN MY WORK AREA.

.4

AFTER SEVERAL CONFRONTATIONS BETWEEN PLAINTIFF AND PLANT MANAGER HARRISTON, OVER THE PLAYING OF THE GOSPEL MUSIC, MY JOB WAS ABOLISHED ON OR ABOUT, APRIL THE 11TH, 2011. I WAS TRANSFERRED TO THE JOSEPH CURSEE AND THOMAS MORRIS P&DC, TO CONTINUE MEMPLOYMENT.

5.

A NEW MAIL HANDLER POSITION WAS POSTED ON MAY 12TH

2014. THAT SHOULD HAVE NOT BEEN POSTED.

6.

THE REASON THIS POSITION SHOULD NOT HAVE BEEN POSTED, IS BECAUSE, THE JOB BELONED TO THE PLAINTIFF, DUE TO IT BEING A RETREATED POSITION.

.7

A RETREATED POSITION IS A NEW JOB OPPENING, RESIGNED FOR AN EMPLOYEE, WHO HAD LEFT THE LOCATION, WITH A AGREEMENT.

.8

THAT AGREEMENT IS BETWEEN MANAGEMENT AND THE SENIOR EMPLOYEE WHO LEFT THAT FACILITY.

.9

THE PLAINTIFF WAS THAT SENIOR EMPLOYEE

.10

WHEN PLAINTIFF DISCOVERED THE POSITION WAS POSTED, HE CONFERED WITH THESENIOR UNION REPRESENTATIVE, LAMAR GRIGSPY.

.11

SUBSIQUENTLY, MR. GRIGSPY INFORMED PLAINTIFF, THAT THE JOB WAS HIS.

.12

ON , MAY 19TH, , 2014 PLAINTIFF REPORTED TO HIS JOB, AND WAS SUBSIQUENTLY GIVEN A LETTER INDICATION,THE OFFER OF RETREAT, WHICH HE ACCEPTED.

.13

ON WENESDAY, MAY 21ST, 2014, PLAINTIFF WAS CALLED TO PLANT MANAGER OFFICE, YOLANDA SANDERS. WHO INFORMED HIM, THE POSITION WAS RECENDED.

.14

PLAINTIFF ASKED MANAGER SANDERS IF SHE HAD DOCUMENTATION INDICATING THAT THE JOB WAS RESENDED.

.15

MANAGER SANDERS MENTIONED THAT THE UNION WOULD HAVE A LETTER INDICATING THAT THE RETREATED POSITION WAS RECENDED.

.16

ON MAY 21ST, 2014, PLAINTIFF CONTACTED UNION REPRESENTATIVE, LAMAR GRIGSPY, WHO ADVISED HIM, THAT HE DID NOT HAVE A LETTER INDICATING THE POSITION HAD BEEN RECENDED.

.17

ON MAY 21ST, PLAINTIFF CALLED MAIN UNION OFFICE LOCATED AT 2222 CONNECTICUT AVE, N.W. WASHINGTON D.C. AND SPOKE TO MR. DICK.

.18

PLAINTIFF INFORMED MR. DICK, THAT MANAGER SANDERS INFORMED HIM, THAT THE RETREATED POSITION WAS RESENDED AND THAT UNION REPRESENTATIVE, LAMAR, GRIGSPY, WOULD HAVE A COPY OF A LETTER INDICATING SUCH WHICH HE DID NOT.

.19

MR. DICK ADVISED PLAINTIFF, THAT IF THE UNION REPRESENTATIVE DID NOT HAVE A LETTER INDICATING THAT THE POSITION WAS REESENDED, TO REPORT TO THE RETREATED POSITION.

.20

PLAINTIFF RETURNED TO WORK ON MAY 22ND, 2014 AND WAS NOT PROVIDED ANY LETTER FROM SUPERVISOR OR PLANT MANAGERS, INDICATING THAT THE RETREATED POSITION WAS INDEED, RECENDED.

### 21

ON JUNE 4TH 2014 PLAINTIFF WAS CALLED TO THE OFFICE OF MANAGER SANDERS. WHILE IN HER OFFICE SHE ATTEMPTED TO GIVE PLAINTIFF AN UNSIGNED LETTER REPRESENTING THAT THE RETREATED POSITION WAS RESENDEDE.

### 22

PLAINTIFF NOTICED THAT THE LETTER WAS UNSIGNED, AND QUESTIONED MANAGER SANDERS ABOUT THE LACK OF POST MASTER, GERALD ROANE'S SIGNATURE.

### 23

AFTER BEING QUESTION BY THE PLAINTIFF, ABOUT THE LACK OF POST MASTERS GERALD ROANE SIGNATURE, MANAGERS SANDERS SHRUGGED HER SHOULDERS, AND SHOWED PLAINTIFF HER PALMS.

### 24

PLAINTIFF SUBSEQUENTLY, PICKED UP THE LETTER AND PROCEEDED TO THE UNION OFFICE.

### 25

PLAINTIFF PROCEEDED TO THE UNION OFFICE, TO SHOW UNION REPRESENTITIVE, THAT THE LETTER WAS NOT AUTHENTIC. HOWEVER HIS COMPLAINT WENT UNANSWERED.

26

ON JUNE 9TH 2014, PLAINTIFF APPROACHED POST MASTER GERALD ROANE AND ASKED HIM, WHY DID HE RESEND THE RETREATED BID. HIS ANSWER WAS THAT, HE DID NOT RESEND PLAINTIFF'S RETREATED POSITION.

27

PLAINTIFF INFORMED, POST MASTER GERALD ROANE, THE HE HAD RECEIVED A LETTER FROM MANAGER SANDERS, INDICATING, THAT HIS RETREATED POSITION HAD BEEN RENSENDED, BY HIM.

28

POST MASTER ROANE, REQUESTED THAT PLAINTIFF DELIVER A COPY OF THE LETTER TO HIS OFFICE.

29

ON OR ABOUT JUNE 10TH 2014, PLAINTIFF DELIVERED A COPY OF SAID LETTER TO POST MASTER ROANE'S OFFICE.

30

ON JUNE 13TH 2014 POST MASTER ROANE, AFTER READING A COPY OF THE LETTER, ADVISED PLAINTIFF TO REPORT TO HIS RETREATED POAST AT GOVERNMENT MAILS, DUE TO THE LETTER FROM HIS OFFICE, BEEING IN QUESTION.

31

ON JUNE 16TH 2014, PLAINTIFF, UNDER ADVISEMENT, OF POST MASTER ROANE, REPORTED TO HIS RETREATED POST AT 3001 V. STREET N.E, WASHINGTON D.C.

32

SUBSEQUENTLY AFTER ARRIVING TO THE RETREATED POST, MANAGER HARRISTON " YELD TO PLAINTIFF, CAN I HELP YOU ? ".

33

PLAINTIFF RESPONDED TO MANAGER HARRISTON, BY TELLING HIM, THAT THEIR CONVERSATION SHOULD NOT BE BEFORE THE OTHER EMPLOYEES, THAT WERE STANDING IN HIS PRESENCE, BUT SHOULD BE DISCUSSED PRIVATELY IN HIS OFFICE.

34

MANAGER HARRISTON EXCUSED HIMSELF FROM THE OTHER EMPLOYEES, AND MOTIONED PLAINTIFF TO FOLLOW HIM TO HIS OFFICE.

35

AFTER ARRIVING TO THE OFFICE, MANAGER HARRISTON, TOLD

PLAINTIFF THAT HE HAD NO POSITION FOR HIM.

36

PLAINTIFF REPLIED THAT, DUE TO A CERTAIN LETTER BEING IN QUESTION, HE REPORTED TO THE POST, AS INSTRUCTED BY POST MASTER ROAN.

37

AFTER HEARING THAT, MANAGER HARRISTON, DROPPED HIS HEAD, AND TOLD PLAINTIFF TO REPORT TO THE GROUP LEADER SO HE COULD BE ASSIGNED A POSITION.

38.

PLAINTIFF RESPONDED, THAT HE WAS UNDER LIMITED DUTY, AND THAT BY POSTAL POLICY, MANAGEMENT IS RESPONCIBLE FOR ASSIGNING HIM.

39

PLANT MANAGER HARRISTON, RESPONDED BY ADVISING PLAINTIFF THAT, THE GROUP LEADER CAN CARRY OUT THAT RESPONCIBILITY.

40

PLAINTIFF REPORTED TO GROUP LEADER, JANE DOE, AND WAS ASSIGNED TO A DUTY STATION.

41

AFTER WORKING APPROXIMATELY THREE HOURS, PLAINTIFF WAS CALLED TO PLANT MANAGER HARRISTON'S OFFICE.

42

AFTER ARRIVING AT THE OFFICE, PLANT MANAGER HARRISTON TOLD PLAINTIFF THAT, "THEY SAID FOR PLAINTIFF TO REPORT BACK TO THE PLANT.

43

PLAINTIFF ASKED PLANT MANAGER HARRISTON, WHO IS THE THEY HE IS TALKING ABOUT.

44

PLANT MANAGER HARRISTON RESPONDED TO PLAINTIFF BY STATING " I AM THE PLANT MANGER AND I'M INSTRUCTING YOU TO RETURN BACK TO THE PLANT". AND AFTER HEARING THAT , PLAINTIFF COMPLIED WITH THE ORDER.

45

PLANTIFF ARRIVED AT THE PLANT AT APPROXITMATELY 3:30 THAT AFTERNOON. UNDER NO DURESS FROM MANAGEMENT AND, BEGAN TO WORK.

46

SUBSEQUENTLY, AFTER WORKING AT THE PLANT FOR APPROXITMATELY FOUR DAYS, PLAINTIF FILLED A PRE-

COMPLAINT WITH THE EEOC, 1K-206-0049-14.

47

THE ELM, OR THE EMPLOYEE AND LABOR RELATION MANUAL, ISSUE 26, SEPTEMBER 2013, SECTION 666.12, PROHIBITS DISCRIMINATION. B. INDIVIDUAL STATUS, NO PERSON MAY BE DISCRIMINATED AGAINST BECAUSE OF RACE, COLOR, RELIGION SEX, AGE, NATIONAL ORIGIN, DISABILITY, REPRISAL BASED ON PROTECTED ACTIVITY, MARITAL OR PARENTAL STATUS, OR SEXUAL ORIENTATION IN CONNECTION WITH EXAMINATION, APPOINTMENT, REAPPOINTMENT, REINSTATEMENT, REEMPLOYMENT, PROMOTION, TRANSFER, DEMOTION, REMOVAL, OR RETIREMENT, AS SO THE UNITED STATES CONTITUTION'S 5TH AND 14TH AMENDMENTS.

48

IT IS PLAINTIFF BELIEF THAT PLANT MANAGER HARRISTON, DID NOT WANT HOWARD T. TYSON SR. EMPLOYED AT THE GOVERNMENT MAILS FACILITY, BECAUSED WHILE EMPLOYED THERE PREVIOUSLY, TYSON WAS PLAYING HIS GOSPEL MUSIC AND EXERCISING HIS RELIGIOUS RIGHTS AS A CHRISTIAN.

49

FURTHER THE ACTIONS, CONDUCT OF PLANT MANAGER

HARRISTON, VIOLATED PLAINTIFF'S CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHTS.

.50

IT IS PLAINTIFF'S BELIEF, THAT PLANT MANAGER HARRISTON, NEW AND UNDERSTOOD, THAT HOWARD T. TYSON, IS A CHRISTIAN, AND LIVES AS SUCH, AND DID NOT WANT PLAINTIFF BACK AT THE GOVERNMENT MAILS FACILITY.

.51

PLANT MANAGER HARRISTON KNEW OR SHOULD HAVE KNOWN, THAT IT IS ILLIGAL AND UNCONSTITUTIONAL, TO DISCRIMINATE ON THE BASIS OF RELIGION.

.52

THE FALSE LETTER, ALEDGEDLY FROM POST MASTER GERALD ROANE, RESENDING THE RETREATED POSITION, WAS A DIRECT RESULT OF PLANT MANAGER HARRISTON'S INTERVENTION, DUE TO THIS FACT, HE DID NOT WANT PLAINTIFF THERE, EXERCISING HIS RELIGIOUS BELIEF'S.

.53

THE LETTER FROM CHRISTOPHER COLES, DATED MAY 29TH, 2014, WAS CREATED FOR THE PURPOSE OF SUPPRESSING THE FASCTS THAT IT WAS PLANT MANAGER HARRISTON THAT DID NOT WANT PLAINTIFF TO RETURN TO THE GOVERNMENT MAILS FACILITY.

.54

BECAUSE THE DEFENDANT FAILED TO GIVE AFFIANT THE RETREATED POSITION "OUT OF SCHEDULED PAY ENSUED".

.55

OUT OF SCHEDULED PAY IS MANDATORY IF THE FACILITY FAILED TO FACILITATE TO THE SENIOR EMPLOYEE THEIR BIDDED OR RETREATED POSITION AT THE PRESCRIBED TIME.

.56

AFFIANT SUFFERED THE LOST OF APPROXIMATELY $66,000 PLUS DOLLARS, DUE TO THE FAILURE OF THE DEFENDANT TO FACILITATE THE RETREATED POSITION AT THE PRESCRIBED TIME.

.57

DUE TO THE FAILURE OF THE DEFENDANT TO FACILITATE THE RETREATED POSITION, THERE WAS A LOST OF OVERTIME

PAY WHICH WOULD AMOUNT TO APROXAMATELY 89,000 OVER A PERIOD OF ONE YEAR.

AFFIANT SAYETH NOT.

SWORN TO UNDER PENALTY OF PURGERY

HOWARD T. TYSON SR.
7/8/2019

## CERTIFICATE OF SERVICE

PLAINTIFF CERTIFY THAT A COPY WAS SERVED TO THE DWFENDANT OFFICE AT 555 4TH STREET N.W. WASHINGTON D.C. ON JULY 22, 2019 BY U.S. FIRST CLASS MAIL. OR HAND DELIVERED.

PAUL CIRINO
555 4TH ST, N.W.
WASHINGTON D.C.
      20530

*[signature]*
HOWARD T. TYSON SR.
12018 LONG RIDGE LN
BOWIE MD, 20715
202-431-1764